650 So.2d 265 (1994)
Terry C. COLEMAN and Wanda Anita Coleman, on Behalf of their Minor Child, Brandi COLEMAN
v.
ACADEMY OF the SACRED HEART, Jill Melito, Catholic Archdiocese of New Orleans, Blue Cross/Blue Shield of Louisiana, Maxim Management and Catholic Mutual Group.
No. 93-CA-2015.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1994.
*266 Brian G. Birdsall, Birdsall, Rodriguez & Kehoe, New Orleans, for plaintiffs/appellants.
Joseph M. Messina, Lobman, Carnahan and Batt, Metairie, for defendants/appellees.
Before LOBRANO, PLOTKIN and LANDRIEU, JJ.
LANDRIEU, Judge.
On May 17, 1990, Brandi Coleman, the minor child of Terry and Wanda Anita Coleman (the Colemans), was injured while participating in a physical education class[1] at the Academy of the Sacred Heart School. The Colemans filed a lawsuit on her behalf against the Academy, the physical education teacher, the Archdiocese of New Orleans, and their insurers, asserting their negligence[2] as the cause of Brandi's injuries.
In February 1993, pursuant to settlement negotiations, attorneys for the Colemans and the defendants verbally agreed to settle the case for $3000. However, prior to the execution of the settlement documents, the Colemans' attorney notified the defendants that his clients wished to go forward with the trial.[3]
The defendants filed a motion to enforce the settlement attaching the following documents:
(A) Copy of letter from insurance claims representative to the Colemans' attorney stating that settlement offer of $3000 would be withdrawn if not accepted by his clients before February 22, 1993.
(B) Copy of letter from defense counsel to the Colemans' attorney confirming verbal agreement to settle the claim for $3000
(C) Copy of letter from defense counsel to Colemans' attorney advising him that he was in possession of settlement, enclosing draft copy of documents required for the court to approve a settlement on behalf of a minor, and suggesting that a mutually convenient date and time be arranged to perfect the Minor Settlement. Attached note from defense counsel to the Colemans attorney that plaintiffs must pay $295 court cost "for us to release the $3000 settlement check to you."
(D) Affidavit of Bonnie Talbot, Wanda Coleman's supervisor at the Academy of the Sacred Heart, recounting the history of contract negotiations between the school and Mrs. Coleman.[4]
(E) Copy of Addendum to 1993-94 Teacher Contract for the Academy of the Sacred Heart.
(F) Copy of letter from Bonnie Talbot to Mrs. Coleman advising her that she had until June 11th to reconsider her decision not to sign the contract for the following year.
(G) Copy of letter from Bonnie Talbot to Mrs. Coleman confirming telephone conversation on June 17th in which Mrs. Coleman apparently advised Ms. Talbot of her decision not to return to Sacred Heart.
After a hearing on the motion, the trial court rendered judgment finding a valid settlement agreement had been confected *267 which was reasonable and in the best interests of the minor child and ordered enforcement of the settlement. The Colemans appeal this judgment, arguing that the trial court erred in finding that a verbal settlement agreement which was never reduced to writing or recited in open court is an enforceable contract. We agree and reverse the judgment of the trial court.

DISCUSSION
La.Civ.Code.Ann. art. 3071 (West 1952) provides in pertinent part:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on....

This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form. (emphasis added).
A compromise agreement which is not reduced to writing is unenforceable. Felder v. Georgia Pac. Corp., 405 So.2d 521, 523 (La.1981) (citations omitted). The writing requirement does not necessarily mean that the agreement must be contained in one document, however, the purpose of the writing requirement is to serve as proof of the agreement and acquiescence therein and, as such, must be signed by both parties. Id. (emphasis added). A letter by one of the parties setting forth their understanding of the agreement is not an agreement of the parties reduced to writing. Scott v. Green, 621 So.2d 1, 3 (La.App. 4th Cir.1993), writ denied, 629 So.2d 1139 (1993).
In the instant case, there is nothing signed by the Colemans or their attorney, nor is there a recitation in open court indicating that the Colemans accepted the terms of the settlement. Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Brandi allegedly fractured her left arm attempting to jump an orange traffic cone in the school gymnasium.
[2] The Colemans claim that Brandi was wearing improper gym shoes and was told to remove her eyeglasses by the instructor.
[3] The Colemans apparently felt that the school was engaging in retaliatory behavior against Wanda Coleman, a 10 year employee of the Academy, and agreed to the settlement as a means to resolve the situation. However, Mrs. Coleman continued to be aggrieved by what she perceived as continued retaliatory actions, including the fact that she was allegedly the only teacher at the Academy who had not received a contract for the following school year. Therefore, the Colemans decided to proceed with their lawsuit.
[4] Shortly after reneging on the verbal settlement agreement, Mrs. Coleman received her 1993-94 teaching contract with an addendum attached setting out a schedule of duties and penalties not previously a part of her contract. Ms. Talbot met with Mrs. Coleman several times to discuss the contract, but Mrs. Coleman refused to sign it and informed Ms. Talbot that she would not return the following year. At a status conference on May 14, 1993, the court apparently expressed concern over the issue of Mrs. Coleman's employment contract.