# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCW 05-1192

**WILTON GAUTREAUX**

**VERSUS**

**K.A.S. CONSTRUCTION, LLC**

\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
## PARISH OF LAFAYETTE, NO. 04-3428
## SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**WRIT DENIED.**

Frank A. Flynn
Allen & Gooch
P. O. Drawer 3768
Lafayette, LA 70502-3768
(337) 291-1250
Counsel for Defendants/Respondents:
    The Gray Insurance Company
    K.A.S. Construction, LLC

Michael B. Miller
Attorney at Law
P. O. Box 1630
Crowley, LA 70527-1630
(337) 785-9500
Counsel for Plaintiff/Applicant:
    Wilton Gautreaux

**DECUIR, Judge.**

Plaintiff, Wilton Gautreaux, seeks supervisory writs from a judgment of the Louisiana Office of Workers' Compensation, District 4, the Honorable Sharon Morrow, presiding, which granted Defendants' Motion to Compel Functional Capacity Evaluation.

## FACTS

Plaintiff was injured in the course and scope of his employment with Defendant, K.A.S. Construction, LLC, on April 19, 2004. Plaintiff's primary treating physician, Dr. Roland Miller, recommended a function capacity evaluation (FCE), but did not specify a physical therapist or facility for the evaluation. Defendants contacted Dr. Miller and received a prescription to have the FCE done with Jason Guidry at Acadian Comprehensive Physical Therapy. Plaintiff declined the selection of Acadian Comprehensive Physical Therapy and chose Orthopedic & Sports Physical Therapy Clinic of Lafayette where the evaluation was performed on May 17 and 18, 2005. Defendants desired an FCE with their choice of provider and subsequently filed a Motion to Compel Functional Capacity Evaluation with their choice of physical therapist. Defendants' motion was granted following a hearing on August 5, 2005. Plaintiff now seeks review of the workers' compensation judge's ruling.

## DISCUSSION

Plaintiff argues that the workers' compensation judge erred in granting Defendants "an absolute right" to have a second FCE by Defendants' choice of facility. First, relying on *Ware v. Allen Parish School Board*, 02-1011 (La.App. 3 Cir. 5/21/03), 854 So.2d 374, Plaintiff maintains that the employee has a right to choose the facility conducting the FCE. We find *Ware* does not stand for that proposition and is inapplicable to the present case.

Plaintiff next refers to *Louisiana Clinic v. Patin's Tire Service,* 98-1973, pp. 4-5 (La.App. 3 Cir. 5/5/99), 731 So.2d 525, wherein the court said:

> Prince chose his treating physician, Dr. Phillips, as allowed by La.R.S. 23:1121(B). It was Dr. Phillips, not Prince, who ordered the MRI. Prince was not attempting to change treating physicians but to obtain a diagnostic test at his physician's instruction. Patin and Travelers do not question the medical necessity of the test. They simply want to select the physician or technician or facility to conduct the MRI. La.R.S. 23:1121 does not grant that right to the employer or insurer but only the right to have the employee examined by its choice of physician in addition to the employee's choice of physician. We have found no authority that allows the employer or insurer to dictate the place and physician to perform diagnostic testing ordered by a treating physician.

*Louisiana Clinic* was before this court on an exception of no cause of action related to a suit to recover charges for an MRI. After the discussion above, the court concluded that "La.R.S. 23:1203(A) provides the cause of action for recovery of the MRI expenses." *Id*. Thus, the issue relating to choice was ancillary and only before the court as it pertained to the exception of no cause of action.

We now are called upon to face the issue squarely as it relates to FCEs. After careful review, we find that the statute itself addresses the issue. Specifically, it provides that an injured employee "shall submit himself to an examination by a duly qualified **medical practitioner**" selected by his employer. La.R.S. 23:1121(A) (emphasis added). However, the statute also provides that an injured "employee shall have the right to select one **treating physician**" in each field or specialty. La.R.S. 23:1121(B)(1) (emphasis added).

Plaintiff argues that an FCE is conducted by a physical therapist, not a physician and, therefore, the employer is not entitled to its choice. Plaintiff is only half correct. We agree that a physical therapist is not a "physician." However, we find that a physical therapist falls within the scope of the broader term "medical practitioner." *See* La.R.S. 9:4230 (definition for purposes of alternative dispute

2

resolution). Accordingly, under the clear language of La.R.S. 23:1121(A), Plaintiff was required to submit to the FCE with the medical practitioner arranged by the Defendants. Moreover, since the clear language La.R.S. 23:1121(B)(1) grants the employee only the right to choose a physician, Plaintiff had no right to choose a physical therapist to conduct the FCE.

While we agree with Plaintiff's argument that as a general rule multiple FCEs create an undue burden on the system, Plaintiff cannot be allowed to circumvent his obligation to attend the FCE arranged by the Defendants. Accordingly, we find that Plaintiff must submit to an FCE arranged by the Defendants.

## CONCLUSION

For the foregoing reasons, the application for supervisory writs is denied. The costs of this writ proceeding are taxed to Wilton Gautreaux.

**WRIT DENIED.**

3