MAX N. TOBIAS, JR., Judge,
Ad Hoc.
|-i Kelvin Wells, the plaintiff, appeals a judgment of the Nineteenth Judicial District Court for the Parish of East Baton Rouge dismissing his suit against Deputy Sheriff Flitter and unnamed deputy sheriffs listed by him as Officers A, B, C, D, E, F, and G (all allegedly employed by the Sheriff of East Baton Rouge Parish), and the East Baton Rouge Sheriffs [sic] Department. For the reasons that follow, we affirm.
On 15 April 2005, Mr. Wells filed his suit as a pauper (La. C.C.P. arts.5181, et seq.), naming Lieutenant Flitter (“Flitter”), seven unnamed deputy sheriffs, and the “East Baton Rouge Sheriffs Department” for injuries allegedly sustained in an incident that occurred on 13 April 2005 at approximately 6:30 p.m.; the injuries are alleged to have been sustained by the plaintiff and his stepson.[1] The petition as filed alleges the inappropriate use of force that caused “excruciating mental pain, suffering and mental anguish.” The petition does not allege with specificity exactly what Flitter |2and the other officers did (what the “inappropriate use of force” consisted of), but does allege in general terms that the officers were harassing and using unnecessary force against African American citizens in Gardere area of Baton Rouge. Mr. Wells alleges that the officers’ actions amounted to terrorism “akin to the extermination of Jews in Germany or Blacks during the beginning of the civil rights era until present.”
The record on appeal fails to reflect that service was made upon any defendant, but Mr. Wells in his motion filed on 20 May 2005 for an entry of default alleges that the defendants were served on 2 May 2005 “through the Clerk of Court.” A default was entered on 24 May 2005.[2] ' On that same day Mr. Wells filed a motion to confirm the default and attached thereto a typed un-notarized statement of Virgil L. Elkins, Jr. concerning an incident of 13 April 2005 at approximately 6:30 p.m. Mr. Elkins is otherwise unidentified in any document in the record of appeal.[3]
On 24 May 2005, the Sheriff of East Baton Rouge Parish filed a peremptory exception of no right of action and Flitter filed peremptory exceptions of no cause of action (against all defendants) and no right of action. In due course, the exceptions were heard on 19 September 2005 by the trial court, which granted the peremptory exceptions of no right of action and the peremptory exception of no cause of action, giving the plaintiff thirty days to amend his petition to assert a cause of action and to show why he had a right of action, in default of which Mr. Wells’ suit would be | ¡¡dismissed with prejudice; an interlocutory judgment (La. C.C.P. art 1841) was signed on 27 September 2005. Thereafter, on 31 October 2005, a final judgment (La. C.C.P. art 1911 et seq.) was signed dismissing Mr. Wells suit with prejudice. Mr. Wells filed a motion for appeal on 2 November 2005 and an order of appeal was entered on 4 November 2005.
*681 As error, Mr. Wells asserts that the trial court (a) erred in hearing and ruling upon the defendants' peremptory exceptions once a default[4] was enteréd and (b) should have confirmed the default pursuant to La. C.C.P. art. 1702.[5]
The entry of a default by the court pursuant to La, C.C.P. art. 1701 merely barred the-defendants from filing all dilatory exceptions (La.C.C.P. art. .926) and most declinatory exceptions (La.C.C.P. art. 925); it neither barred the defendants from filing and having heard peremptory exceptions (La. C.C.P. arts. 927 through 929), nor did it bar the defendants from filing an answer to the petition (La.C.C.P. art. 1002). Moreover, it would have been an error of law for the trial court to confirm the default of 24 May 2005 until the peremptory exceptions filed by the defendants had been disposed of.[6]
Additionally, we find no error in the rulings of the trial court in granting the exception of no right of action against the East Baton Rouge Sheriffs Department. A sheriffs department has no legal capacity to sue or be sued. Valentine v. Bonneville Ins. Co., 96-1382, pp. 4-5 (La.3/17/97), 691 So.2d 665, 668; see also La. R.S. 33:1433. Similarly, the petition of the 14plaintiff fails to allege specific facts as required by La. C.C.P. art. 854 to show that he has a right of action against any defendant
Similarly, we find no error in the ruling of the trial court sustaining the defendants’ exception of no cause of action. A plaintiff is required by law to allege specific facts within the four corners of the petition and attachments to the petition (La.C.C.P. art. 853) to show that he has a cause of action upon which relief and judgment may be granted against the defendant. La. C.C.P. art. 931; Livaceari v. Alden Engineering, Inc., 00-0856 (La.App. 1 Cir. 12/1/00), 808 So.2d 383. Our review of Mr. Wells’ petition fails to demonstrate that Mr. Wells has alleged sufficient specific facts to state a cause of action upon which relief may be granted.
The trial court proceeded properly in its 27 September 2005 judgment by granting Mr. Wells thirty days to amend his original petition to allege sufficient facts to show that he had a cause of action upon which relief could be granted against one or more defendants and to properly name the sheriff of East Baton Rouge Parish as a party defendant as the employer of the other defendants. La. C.C.P. art 934. Mr. Wells failed to timely amend and or supplement his petition within that thirty-day period. Accordingly, we find no error in the trial court’s action.
For the foregoing reasons, and based upon the assignments of error, we affirm the judgment of the trial court.
AFFIRMED.

. The original petition was filed by facsimile transmission (La. R.S. 13:850) on 15 April 2005 and the petition was filed on 18 April 2006.

. Although the parties to the suit refer to the default as a "preliminary default,” the use of the word "preliminary” is incorrect. La. C.C.P. art. 1701.

.Although not assigned as an error, we note that the evidence submitted by Mr. Wells with his motion to confirm the default was inadequate as a matter of law for the trial court to render a judgment in the plaintiff’s favor when viewed with the petition filed on 15 April 2005. See La. C.C.P. art. 1702 B(2) and D.

. See footnote 1 supra.

. A court reviewing a default judgment is restricted to a determination of whether the record contains sufficient evidence to prove a . prima facie case. Brasseaux v. Allstate Ins. Co., 97-0526, p. 4 (La.App. 1 Cir. 4/8/98), 710 So.2d 826, 828.

. The default could not be confirmed any earlier than two days after the entry of the default. La. C.C.P. art. 1702 A.