# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1154


**WILLIAM SPEYRER**

**VERSUS**

**THE GRAY INSURANCE COMPANY, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 04
PARISH OF LAFAYETTE, NO. 11-00179
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.


**AFFIRMED.**

**Jay Anthony Pucheu**
P. O. Box 310
Marksville, LA 71351
Telephone: (318) 253-5080
COUNSEL FOR:
     Plaintiff/Appellee - William Speyrer

**Mark Alan Watson**
**Stafford, Stewart, & Potter**
P. O. Box 1711
Alexandria, LA 71309-1711
Telephone: (318) 487-4910
COUNSEL FOR:
     Defendant/Appellant - The Gray Insurance Company and Westgate, Inc.

**THIBODEAUX, Chief Judge.**

The sole issue in this workers' compensation proceeding is whether the workers' compensation judge (WCJ) erred in permitting the employee, William Speyrer, to select a physical therapist to conduct a functional capacity evaluation ("FCE") following an FCE with a therapist selected by the employer. The employer's insurer, The Gray Insurance Company ("Gray"), asserts that the WCJ erred in her judgment. We disagree with Gray and affirm the judgment of the WCJ. Specifically, we find that the parties reached a compromise as contemplated by La.Civ.Code art. 3071. The compromise reached by the parties resolves this issue in favor of Mr. Speyrer.

## I.

## ISSUE

We must decide whether the WCJ erred in permitting Mr. Speyrer to select a physical therapist to conduct an FCE following an FCE with a therapist selected by the employer.

## II.

## FACTS AND PROCEDURAL HISTORY

Mr. Speyrer suffered a job-related accident and filed a claim for benefits under the Workers' Compensation Act. Gray has paid weekly indemnity benefits since the inception of Mr. Speyrer's claim. Indemnity benefits have never been discontinued, and medical benefits are continuing to be paid.

To force an evaluation of Mr. Speyrer's capabilities, Gray filed a Motion to Compel an FCE. Prior to the hearing on the Motion, attorneys for both parties conferenced with the WCJ. Following that conference, Gray's attorney drafted a letter to the WCJ, copying Mr. Speyrer's counsel, memorializing the

conference. Specifically, the letter indicated that were the Motion to come up for hearing as scheduled, the WCJ would more likely than not order that Gray is entitled to its choice of FCE, including its right to choose the examiner and the duration of the FCE. Conversely, Mr. Speyrer would be authorized to have his choice of FCE, including choice of examiner and duration of FCE. Gray's counsel concluded the letter by stating:

> Based on that information, **we** are advising the court that the issues presented by the Motion to Compel FCE have been resolved, and **we** ask that the hearing be removed from the Court's docket and shown as resolved by the parties. (emphasis added).

Mr. Speyrer participated in an FCE conducted at Rosewood Rehabilitation on August 17, 2010. Following the Rosewood FCE, Mr. Speyrer requested a five-day FCE to be performed by an evaluator of his choice. Gray denied Mr. Speyrer's request.

At trial, Mr. Speyrer's counsel introduced as evidence the letter drafted by Gray's counsel. The WCJ ultimately granted Mr. Speyrer's request for a multi-day FCE to be performed at Mr. Speyrer's choice of facilities, Fontana Center. Gray appeals the judgment of the WCJ.

III.

## LAW AND DISCUSSION

### Standard of Review

This case poses a question of law; accordingly, the appropriate standard of review is de novo.

> Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation or application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court.

2

*Citgo Petroleum Corp. v. Frantz,* 03–88, p. 3–4 (La.App. 3 Cir. 6/4/03), 847 So.2d 734, 736, *writ denied,* 03–1911 (La. 10/31/03), 857 So.2d 484 (quoting *Conagra Poultry Co. v. Collingsworth*, 30,155 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280).

**Discussion**

Gray asserts that the WCJ erred in allowing Mr. Speyrer to select his own therapist for the FCE. We disagree. Gray points out that this court addressed a similar issue in *Gautreaux v. K.A.S. Construction, LLC,* 05-1192 (La.App. 3 Cir. 2/22/06), 923 So.2d 850, and argues that *Gautreaux* controls the instant matter. We are mindful of *Gautreaux,* but we find that it is not implicated here.

In *Gautreaux*, the plaintiff argued that he had the right to choose a physical therapist to conduct the FCE. This court stated:

> We now are called upon to face the issue [of choice] squarely as it relates to FCEs. After careful review, we find that the statute itself addresses the issue. Specifically, it provides that an injured employee "shall submit himself to an examination by a duly qualified **medical practitioner**" selected by his employer. La.R.S. 23:1121(A) (emphasis added). However, the statute also provides that an injured "employee shall have the right to select one **treating physician**" in each field or specialty. La.R.S. 23:1121(B)(1) (emphasis added).

*Gautreaux*, 923 So.2d at 851-52.

The court concluded that a physical therapist falls within the scope of the boarder term "medical practitioner," and, accordingly, the plaintiff was "required to submit to the FCE with the medical practitioner arranged by the Defendants." *Id.* at 852. Moreover, the court noted that because the clear language of La.R.S. 23:1121(B)(1) grants only the employee the right to choose a treating physician, and not a medical practitioner, the plaintiff had no right to select a physical therapist to conduct the FCE.

*Gautreaux* is distinguishable from this matter. In *Gautreaux*, the parties had not reached a prior agreement about the FCE. Here, the parties compromised, as indicated by the letter written by Gray's counsel that asked the court to remove the motion hearing from the docket and that alerted the court that the parties had "resolved" the FCE issue.

Louisiana Civil Code Article 3071 states that "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Moreover, Article 3072 states, "[a] compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings."

The letter drafted by Gray's counsel, copying Mr. Speyrer's counsel, fits the definition of a compromise. In the letter, Gray acknowledges that based upon the information provided by the court that it would allow each party to choose a therapist to conduct the FCEs, Gray was withdrawing its Motion to Compel, and the parties[1] consider the issue "resolved."[2] To settle the dispute involving the FCE, Gray made the concession that Mr. Speyrer would be allowed to choose his own therapist to conduct an FCE following an FCE conducted by Gray's therapist of choice. The record indicates that Mr. Speyrer agreed to these terms because his attorney entered the letter as evidence in support of his case at trial. Thus, when Mr. Speyrer requested an additional FCE with a therapist of his choice, the terms of the compromise governed, and Gray was required to grant the request.

---

[1] The letter repeatedly uses the pronoun "we," implying that the parties have had a meeting of the minds and have reached a compromise.

[2] We note that in the letter, Gray uses the phrase, "the employee is conversely *authorized* to have his choice of FCE . . ." (emphasis added). The term *authorized* indicates payment by Gray of the FCE under La.R.S. 23:1121(B)(1).

Gray now argues, however, that the letter its attorney drafted does not meet the requirements of a compromise as contemplated by La.Civ.Code art. 3071 or 3072. Specifically, Gray cites jurisprudence stating that both parties must sign a compromise document for it to be valid, or, alternatively, the compromise must be read in open court. *See Trahan v. Coca Cola Bottling Co. United, Inc.*, 04-100 (La. 3/2/05), 894 So.2d 1096; *Brasseaux v. Allstate Ins. Co.*, 97-526 (La.App. 1 Cir. 4/8/98), 710 So.2d 826; *DeSoto v. DeSoto*, 96-1079 (La.App. 5 Cir. 4/29/97), 694 So.2d 1043. While we are cognizant of this jurisprudence, we refuse to elevate form over substance. The parties clearly had a meeting of the minds, and their compromise was memorialized in the letter Gray's counsel drafted and sent to the WCJ. Mr. Speyrer's counsel implicitly accepted the compromise and acquiesced to its terms as evidenced by his use of the letter in support of his case at trial.

Though our rationale differs from the WCJ, the judgment of the WCJ was legally correct. Gray should have authorized Mr. Speyrer to receive an FCE administered by a physical therapist of his choosing.

IV.

## CONCLUSION

For the reasons articulated above, we affirm the judgment of the WCJ. Costs of this appeal are assessed against Appellant, The Gray Insurance Company.

**AFFIRMED.**

5