STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-380


EVELYN THIELS HOLT, ET UX

VERSUS

ACE AMERICAN INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 239,005
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.


AFFIRMED IN PART AND REVERSED IN PART.


Steven Patrick Mansour
Attorney at Law
P. O. Box 13557
Alexandria, LA 71315-3557
(318) 442-4855
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Evelyn Thiels Holt
    Chris Holt

**John Patrick Guillory**
**The Dill Firm, APLC**
**P. O. Box 3324**
**Lafayette, LA 70502-3324**
**(337) 261-1408**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Ace American Insurance Company**

**Eric K. Habig**
**Attorney Pro Hac Vice**
**10 W. Market St., Suite 1500**
**Indianapolis, IN 46204**
**(317) 637-1777**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Ace American Insurance Company**

**GREMILLION, Judge.**

Ace American Insurance Company, the liability insurer of the several defendants in this matter, appeals the award of statutory penalties and attorney fees pursuant to La.R.S. 22:1973. Plaintiff/appellee, Evelyn Thiels Holt, answered the appeal and requests attorney fees for the appeal and for attorney fees for a frivolous appeal under La.Code Civ.P. art. 2133. For the following reasons, we affirm in part and reverse in part.

## FACTS

Mrs. Holt alleged that on July 15, 2009, she was driving her Ford Explorer on Louisiana Highway 28 West when she was rear-ended by a tractor-trailer rig driven by Mr. Robert L. Ervin. Mrs. Holt and her husband, Chris, filed suit against Mr. Ervin; his employer, Byas Transport, L.L.C.; Greatwide Dedicated Transport, L.L.C., the lessee of the rig; and Ace American, the defendants' insurer.

When a settlement was perfected is the crucial issue. The "SETTLEMENT AND RELEASE AGREEMENT" was signed by the Holts and their counsel on January 21, 2013. However, prior to that, the parties had procured the services of Mr. Vincent Fornias, an attorney and mediator, to assist them in settling the matter. There followed a series of e-mails between Mr. Fornias, Mr. Mansour for the Holts, and Mr. Habig for the defendants. This exchange of e-mails occurred on Wednesday, December 26, 2012:

> -----Original Message-----
> From: Vincent Fornias <█████████████████>
> To: Steven P. Mansour <████████████████>
> Sent: Wed, Dec 26, 2012 1:31 pm
> Subject: Re: Holt matter
> Steve, if u r willing to eat your share of mediation and clerk of court costs (Habig's face saver) I believe we have a deal at 150K. But has to be accepted by this Friday. There will be a small supplemental charge for ny (sic) fillow (sic) up time with each of you. Please confirm. Vince

From: "Steven P. Mansour" <​███████████​>
Date: December 26, 2012, 2:57:39 PM EST
To: [Mr. Fornias] ███████████
Cc: [Mr. Holt] ███████████
Subject: Re: Holt matter
Vince:
I just talked with the Holt's. From your email, I advised them of the following facts: Greatwide will settle with the Holt's by paying $150,000.00, plus Greatwide will pay their own clerk of court costs and Greatwide will pay one-half of your mediation costs and fees, to include any supplemental charges for the work you have performed since the date of mediation. In exchange for those payments and assumption of fees and costs, Mr. and Mrs. Holt will accept payment of $150,000.00, plus the Holt's will pay their own clerk of court costs and one-half of the mediation fees and costs incurred, to include the supplemental charges by you for your work since the mediation conference in Baton Rouge. Additionally, the Holt's will dismiss their claims against all defendants.

Please have Greatwide, through their counsel, confirm the terms of the compromise settlement to insure that it is an enforceable compromise agreement. I would like to have that confirmation as soon as possible, so I can cancel the pending work being performed by my experts.

For Greatwide's records, my tax ID# ██████████.[1]

Steven P. Mansour
Attorney & Counselor at Law
Suite One, Rayford Building
2230 South MacArthur Drive
Alexandria, Louisiana 71301
Telephone (318) 442-4855
Fax (318) 484-2777
███████████

Mr. Fornias then forwarded Mr. Mansour's e-mail to Mr. Habig:

From: Vincent Fornias [mailto:███████████]
Sent: Wednesday, December 26, 2012 03:01 PM
To: Habig, Eric
Subject: Fwd: Holt matter
Eric, please confirm asap. Thanks! Vince Fornias
Sent from my iPhone

who responded:

On Dec 26, 2012, at 4:44 PM, "Habig, Eric" <​███████████​> wrote:
Vince,
Thanks for the a-mail. This will confirm Greatwide agrees to the settlement per the e-mail string below. I will send a draft Settlement and Release Agreement to Steve via John in the next few days.

Thanks again for your efforts.
Eric Habig

---

[1] Redacted by court.

2

A draft for the $150,000.00 settlement proceeds and the formal Settlement and Release Agreement were forwarded to Mr. Mansour. As already stated, the Holts duly executed the document, but their case was not dismissed.

On October 10, 2013, the defendants filed a Motion to Enforce Settlement Agreement in which they prayed that the Holts be compelled to execute a joint dismissal of the case and that the Holts be taxed with reasonable attorney fees. The Holts filed a motion to enforce the settlement agreement themselves and therein sought attorney fees and penalties.

The motions were heard on December 9, 2013. The trial court granted the Holts' motion and assessed Ace American with a $5,000.00 penalty in favor of Mrs. Holt, a $5,000.00 penalty in favor of Mr. Holt, and attorney fees of $4,000.00. This appeal ensued.

## ASSIGNMENTS OF ERROR

Ace American contends the trial court committed three errors: 1) finding that the settlement was reduced to writing in the exchange of e-mails, rather than the actual release document of January 21, 2012; 2) abuse of discretion in awarding penalties and attorney fees under La.R.S. 22:1973; and 3) denying its demand for attorney fees for bringing a meritless motion for enforcement of the judgment.

## ANALYSIS

Settlements of claims are governed by Title XVII of Book III of the Louisiana Civil Code, entitled, "Compromise." Article 3071 provides that "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." The Louisiana Supreme Court has stated that article "provides

3

for two elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences." *Trahan v. Coca Cola Bottling Co. United, Inc.*, 04-100, p. 10 (La. 3/2/05), 894 So.2d 1096, 1104.

A compromise must be made in writing or recited in open court and recorded so that it is susceptible of transcription. La.Civ.Code art. 3072. The compromise, though, need not be contained in a single document. *Felder v. Georgia Pacific Corp.*, 405 So.2d 521 (La.1981). Only those differences that the parties clearly intended to settle are compromised. La.Civ.Code art. 3076. "The same rules of contractual interpretation apply to compromises as to other contracts." *Broussard v. Brown's Furniture of Lafayette, Inc.*, 13-596, p. 4 (La.App. 3 Cir. 12/11/13), 128 So.3d 640, 643, *writ denied,* 14-333 (La. 4/11/14), 138 So.3d 605. Finally, we note that our colleagues on the Louisiana Second Circuit Court of Appeal have held that the writing requirement of the article can be satisfied by an exchange of e-mails. *See Klebanoff v. Haberle*, 43,102 (La.App. 2 Cir. 3/19/08), 978 So.2d 598.

Because compromises are only given the effect the parties intended, the trial court's determination of what was intended is subject to review under the manifest error standard. *Feingerts v. State Farm Mut. Auto. Ins. Co.*, 12-1598, 13-23 (La.App. 4 Cir. 6/26/13), 117 So.3d 1294, *writ denied*, 13-2156 (La. 11/22/13), 126 So.3d 489. The manifest error standard requires that this court review the record in its entirety, not to determine whether the trial court's findings are wrong, but whether they find reasonable support in the record, even though the reviewing court is convinced that its interpretation is more reasonable. *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993).

4

Therefore, our task is to review the evidence and determine whether the trial court's determination that the settlement was reduced to writing by virtue of the e-mail exchanges meets the test set forth by the supreme court in *Trahan*.

The e-mail forwarded to Mr. Fornias by Mr. Mansour stated that his clients would accept payment of $150,000.00. Mr. Habig's reply to Mr. Fornias indicated an agreement to this payment. In exchange for the payment, the Holts agreed to pay the costs they had incurred with the clerk of court in prosecuting the claim, as well as one-half of the charges for Mr. Fornias's services, and to dismiss their demands against all defendants. Mr. Mansour also asked that Mr. Habig confirm this agreement "to insure (sic) that it is an enforceable compromise agreement." The payment of the $150,000.00 and dismissal of suit represent mutual concessions. That the suit would be dismissed upon payment reflects the mutual intention of ending the litigation.

We are unable to conclude that the trial court manifestly erred in finding that the settlement agreement was reduced to writing on December 26, 2012. Ace American's first assignment of error is without merit.

Ace American, in its second assignment of error, contends that the trial court abused its discretion in awarding penalties and attorney fees for the violation of Section 1973. We note that subsection (C) provides (emphasis added):

> In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant *may* be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

Thus, this court has held that a trial court's award of penalties and attorney fees pursuant to Section 1973 is discretionary. *Nolan v. Audubon Ins. Group*, 10-1362

5

(La.App. 3 Cir. 3/9/11), 59 So.3d 487, *writ denied*, 11-987 (La. 6/24/11), 64 So.3d 218. However, Louisiana law does not allow for an award of attorney fees except where specifically provided for by statute or contract. *State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439 (La.1992). Section 1973 does not provide for an award of attorney fees; therefore, as a matter of law, the trial court erred in awarding attorney fees against Ace American, and we reverse that award.

Louisiana courts have generally equated an abuse of discretion to unwarranted or arbitrary and capricious exercises of discretion. *See Yuma Petroleum Co. v. Thompson*, 98-1399 (La. 3/2/99), 731 So.2d 190. We find no such unwarranted, arbitrary, or capricious exercise of the trial court's discretion. There was no dispute among the parties as to the terms of the settlement. Ace American argues that the purpose of La.R.S. 22:1973 is to deter bad faith conduct. It further argues that the final terms of the agreement were to be hammered out and finalized in the subsequently-executed document. However, a perusal of the executed document reveals that three additional conditions were called for outside of what was included in the e-mail exchanges: conferring with the Centers for Medicare and Medicaid Services to ascertain whether Mrs. Holt was eligible for or received such services; indemnity of the defendants from all related claims; and confidentiality. We would be more persuaded by Ace American's argument had these provisions *not* been included in the settlement, as these are quite typically found. The $150,000.00 check was dated February 14, 2013, fifty days after the exchange of e-mails. Thus, under the terms of La.R.S. 22:1973(B)(2), the payment was late.

Because we affirm the trial court's factual finding and the award of penalties, we need not address Ace American's third assignment of error; obviously,

6

affirming the trial court obviates a finding that the Holts' motion for penalties was frivolous.

Lastly, we address Mrs. Holt's answer of the appeal. As we have already noted, Louisiana law does not allow for an award of attorney fees except where specifically provided for by statute or contract. *State, Dep't of Transp. & Dev.*, 597 So.2d 439. The sole statutory provision at issue in this matter is La.R.S. 22:1973, which does not provide for an award of attorney fees, only damages. "Normally, when a plaintiff seeks relief that was denied at the trial level, and such relief is again denied on appeal, an increase in attorney's fees for services rendered on appeal is unwarranted." *Stacks v. Mayflower Transit, Inc.*, 95-693, p. 5 (La.App. 3 Cir. 11/2/95), 664 So.2d 566, 569. The only statutory authority for an award of attorney fees on appeal when the trial court is without authority to award them is found in La.Code Civ.P. arts. 2133 and 2164. These only authorize an award of attorney fees for a frivolous appeal. We find that Ace American's appeal is not frivolous; it presented a cogent argument that the settlement was not perfected until the signing of the receipt and release. Accordingly, attorney fees pursuant to La.Code Civ.P. art. 2133 are denied.

The award of penalties in favor of Evelyn Thiels Holt and Chris Holt are affirmed. The award of attorney fees in favor of the Holts is reversed, and her demand for attorney fees on appeal are denied. All costs of this appeal are taxed to Ace American Insurance Company.

**AFFIRMED IN PART, REVERSED IN PART.**