## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1018

**TONY BARNES, ET AL.**

**VERSUS**

**REATA L. WEST, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 121,872
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**REVERSED.**

**Thomas B. Wahlder**
**1740 Jackson Street**
**Alexandria, LA   71301**
**(318) 442-9417**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Tony Barnes**
     **Keshela Woodland**

**Howell D. Jones, IV**
**Post Office Box 14558**
**Alexandria, LA   71315**
**(318) 442-1515**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Tony Barnes**
     **Keshela Woodland**

**James M. Dill**
**Simone C. Dupre**
**The Dill Firm, A.P.L.C.**
**Post Office Box 3324**
**Lafayette, LA   70502-3324**
**(337) 261-1408**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Safeway Insurance Company of Louisiana**

**AMY, Judge.**

The plaintiffs in this automobile accident suit settled with the plaintiff/car-owner's uninsured motorist insurer. After the insurer allegedly failed to remit the settlement funds within thirty days, the plaintiffs filed a motion for penalties. The trial court granted the motion and imposed a $5,000.00 penalty. The insurer appeals. For the following reasons, we reverse.

**Factual and Procedural Background**

The underlying claims in this matter arise from an automobile accident. The plaintiffs' vehicle was driven by Tony Barnes and owned by Shirley Cross, who was also a passenger. In addition to Mr. Barnes and Ms. Cross, Keshela Woodland,[1] Destiny Woodland, Kimberly Miles, Antonio Barnes, Jazalyn Miles, and Ja'Kayshia Miles were all passengers in the plaintiffs' vehicle. The defendant's vehicle was driven by Reata West. According to the record, it was eventually determined that the only applicable insurance coverage was Ms. Cross' uninsured motorist coverage, which was issued by Safeway Insurance Company of Louisiana. Thereafter, the plaintiffs reached an agreement with Safeway to settle for policy limits.

However, the plaintiffs allege that Safeway failed to fund the settlement within thirty days of the date that the agreement was put into writing, and that Safeway is liable for penalties pursuant to La.R.S. 22:1973 as a result. Neither the plaintiffs nor Safeway agree on the date that the settlement agreement was put into writing. After a hearing, the trial court found that the agreement was confected on March 18, 2013, and that Safeway acquiesced to that date. Accordingly, the trial

---

[1] Keshela Woodland's name is also spelled as "Kiesha" in the record. We use the spelling in the petition.

court found that Safeway paid the settlement thirty-four days after the settlement agreement was reduced to writing. Having made that determination, the trial court assessed a penalty of $5,000.00 against Safeway pursuant to La.R.S. 22:1973(B)(2).

Safeway appeals. Although Safeway asserts no discrete assignments of error, the crux of its argument is that the trial court erred in awarding penalties. Further, in their brief, the plaintiffs request an increase in the penalties awarded.

## Discussion

*La.R.S. 22:1973(B)(2)*

Pursuant to La.R.S. 22:1973,[2] in relevant part:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
>
> . . . .
>
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
> . . . .
>
> C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

---

[2] Former La.R.S. 22:1220 was renumbered as La.R.S. 22:1973 by 2008 La. Acts 415, §1, effective January 1, 2009.

Because it is penal in nature, La.R.S. 22:1973 is strictly construed. *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-107 (La. 10/21/03), 857 So.2d 1012. When a party seeks penalties as a result of an insurer's failure to pay a settlement within thirty days, the party need not prove that the insurer was "arbitrary, capricious, or without probable cause" in failing to pay the settlement. *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 03-360, p. 9 (La. 12/3/03), 860 So.2d 1112, 1119. Instead, the party need only show that the insurer's failure was "knowingly committed." *Id.*

A settlement agreement is a compromise governed by Title XVII of Book III of the Louisiana Civil Code. *Holt v. Ace Amer. Ins. Co.*, 14-380 (La.App. 3 Cir. 10/1/14), 149 So.3d 886. "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La.Civ.Code art. 3071. Additionally, "[a] compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." La.Civ.Code art. 3072. "[T]he requirement that the agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by *both parties*." *Brasseaux v. Allstate Ins. Co.*, 97-526, p. 5 (La.App. 1 Cir. 4/8/98), 710 So.2d 826, 829 (emphasis in original). *But see Speyrer v. Gray Ins. Co.*, 11-1154 (La.App. 3 Cir. 2/1/12), 83 So.3d 1231. We note that there is no requirement that a compromise be contained in a single document. *Brasseaux*, 710 So.2d 826. In fact, where two instruments outline the parties' obligations to each other when read together and their acquiescence to the agreement, a written compromise has been perfected. *Id.*

3

However, "[a] letter by one of the parties setting forth their understanding of the agreement is not an agreement of the parties reduced to writing." *Id.* at 829.

As the trial court determines the intent of the parties with regard to the compromise, a trial court's determination that a settlement was reduced to writing is a finding of fact subject to the manifest error standard of review. *Holt*, 149 So.3d 886.

The plaintiffs assert that a settlement was reached and put into writing on March 18, 2013. Safeway objects to this date and contends that the settlement was put into writing on April 5, 2013. It is undisputed that Safeway did not tender the settlement funds until April 22, 2013. Pursuant to La.R.S. 22:1973(B)(2), if the settlement was put into writing on March 18, 2013, Safeway's payment was untimely. However, if it was put into writing on April 5, 2013, the payment was within the thirty-day time period, and Safeway would not be liable for penalties under that provision.

The record contains the following evidence concerning the settlement. On March 18, 2013, the plaintiffs' attorney, Howell D. Jones, IV, sent a letter to Safeway's attorney, Simone Dupre, which stated: "This will confirm that we have settled the above referenced matter for $30,000 under Shirley Cross' UM and for $3137.00 for Ms. Cross' property damage. Please forward payment and settlement documents to me at your earliest convenience."

Ms. Dupre sent Mr. Jones an email on March 28, 2013, which referenced an attached letter. However, the attachment, which was a letter from Ms. Dupre to Mr. Jones dated March 28, 2013, was missing from Ms. Dupre's March 28 email. We note that although the letter indicates that it was sent via facsimile to Mr. Jones, it is unclear from the record before us if that is indeed the case. In any

event, the record reveals that Ms. Dupre emailed the letter to Mr. Jones on April 1, 2013. The March 28 letter stated, in part:

> I don't see where I sent you a letter regarding indemnification for liens or confirming settlement so this will provide you with the same.
>
> This will confirm that on March 20, 2013, you and your clients agreed to accept our policy limits of $30,000.00, plus costs, and in exchange will agree to dismiss all claims of your clients' against Safeway, with prejudice. In addition, this will confirm that Shirley Cross agrees to accept $3,137.00 (this amount is after deducting the $250.00 deductible) for payment of her property damage claims and will also dismiss her claim for property damage against Safeway, with prejudice. In addition, as discussed, since there seem to be Medicaid and/or medical liens asserted against all or most of your clients, this will confirm that you and your client agree to indemnify and hold harmless Safeway from and for any demands for payment of those liens that are related to treatment received for the subject accident. In exchange for this agreement, Safeway will agree to issue the settlement funds directly to you and your clients, and will not list the lienholders on the check.

Additionally, the record reflects that Ms. Dupre did not receive Mr. Jones' March 18 letter until April 1, 2013. At 12:29 p.m. on April 5, 2013, she wrote an email to Mr. Jones, which stated:

> Hi Davey. I got your settlement confirmation letter. I don't have a problem if March 18, 2013 is the date that we settled but I need that signed letter from you. We agreed you'd indemnify us despite your dislike in doing so, against any liens. We have to get the indemnify agreement [sic] or we'll have to issue the portion of the settlement that are for meds in a separate check for Medicaid on the ones that Medicaid seems to be involved in. It[']s much easier just to get the indemnity. Please let me know as soon as possible so that I can request the checks. Thanks. Simone.

After receiving this email, Mr. Jones faxed a copy of the March 28 letter that he had signed in acknowledgement to Ms. Dupre.

The parties do not dispute that a compromise had been reached, only the date that the agreement was put into writing. The trial court found that the parties' correspondence reflects a meeting of the minds on March 18, 2013, *i.e.*, the date of

Mr. Jones' initial correspondence and that mentioned in Ms. Dupre's email of April 5, 2013. However, we conclude that the trial court erred in so finding. Although there is no requirement that a compromise be contained in one writing, a letter written by one party memorializing their understanding of an oral agreement is insufficient to satisfy the "in writing" requirement of Article 3072. *Brasseaux*, 710 So.2d 826; La.Civ.Code art. 3072. Mr. Jones' March 18 letter is unquestionably such a one-party letter. The earliest date at which multiple writings could be read together such that they would constitute a compromise is March 28, 2013, the date of Ms. Dupre's confirmatory letter.

Moreover, we are cognizant that there must not only be an agreement to settle a dispute or uncertainty, but that the agreement must be in writing. La.Civ.Code arts. 3071-3072. Thus, for the purposes of invoking La.R.S. 22:1973(B)(2), we conclude that any purported acquiescence to a March 18, 2013 settlement date was contrary to law because, although the agreement may have existed on that date, there was no writing at that time as required by La.Civ.Code art. 3072. Given that La.R.S. 22:1973 is penal in nature and must be construed strictly, *Reed*, 857 So.2d 1012, we find that March 28, 2013, is the earliest date at which a compromise could have been confected. As March 28, 2013, is within thirty days of April 22, 2013, Safeway's tender of settlement funds was within the thirty-day time period established in La.R.S. 22:1973(B)(2), and the award of penalties was not warranted.

Accordingly, we find merit to Safeway's arguments in this regard and reverse the trial court's award of penalties.

*Request for Increased Penalties and Attorney Fees*

In their brief to this court, the plaintiffs request an increase in the amount of penalties awarded, contending that the "trial court awarded the statutory and customary maximum penalty for one claimant of $5,000, but in this case there are six claimants." Having found that the trial court erred in imposing penalties, we do not consider this issue.[3]

## DECREE

For the foregoing reasons, the trial court's judgment awarding penalties pursuant to La.R.S. 22:1973(B)(2) against the defendant, Safeway Insurance Company of Louisiana, is reversed, and the plaintiffs' claim for penalties is dismissed. Costs of this matter are assessed to the plaintiffs, Tony Barnes, Shirley Cross, Keshela Woodland, Destiny Woodland, Kimberly Miles, Antonio Barnes, Jazalyn Miles, and Ja'Kayshia Miles.

**REVERSED.**

---

[3] We also note that our review of the record reveals that the plaintiffs have not filed an answer to the appeal. Pursuant to La.Code Civ.P. art. 2133(A), "[a]n appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant." Thus, even if the penalty award was appropriate, we do not consider the issue. *See Early v. R & J Tech. Servs., Inc.*, 12-686 (La.App. 3 Cir. 2/13/13), 129 So.3d 46.