713 So.2d 495 (1998)
Rocky ATWELL, et ux., Plaintiffs-Appellants,
v.
NATIONAL SAFETY CONSULTANTS, INC., Defendant-Appellee.
No. 97-1561.
Court of Appeal of Louisiana, Third Circuit.
April 1, 1998.
Rehearing Denied June 9, 1998.
Rebel Garnett Ryland, Columbia, for Rocky Atwell, et ux.
Paul M. LaFleur, Alexandria, for National Safety Consultants, Inc.
Before WOODARD, DECUIR and PETERS, JJ.
DECUIR, Judge.
This is an appeal by plaintiffs, Rocky and Shirley Atwell, from the judgment of the district court granting National Safety Consultants, Inc.'s exception of res judicata. National answered the appeal, praying in the alternative, and only in the event that this court overturns the dismissal of plaintiffs' suit, that the trial judge erred in denying National's exception of no cause of action.
*496 On February 26, 1997, plaintiffs filed a petition for damages allegedly resulting from the wrongful conversion of their property. A review of the petition reflects the following allegations. Rocky Atwell was injured in a work-related accident on April 17, 1995, for which he received workers' compensation benefits. The accident was caused by a third-party tort-feasor insured by Northwestern National County Mutual Insurance Company. Plaintiffs settled their claims against the third party tort-feasor and its liability insurer in January 1996. Prior to this settlement, National notified Northwestern of its subrogation rights to plaintiffs' liability claim due to payment of workers' compensation benefits to Rocky Atwell. Plaintiffs acknowledge in their petition National's compensation lien in the amount of $9,839.44. Northwestern issued a check in the amount of $20,000.00 made payable to the plaintiffs and their attorney and to National Safety Consultants, Inc. as subrogee of Rocky Atwell. Plaintiffs allege that the check was endorsed by the plaintiffs. Thereafter, plaintiffs' attorney forwarded the check to a National employee with instructions to endorse the check and return it to plaintiffs' attorney. National allegedly refused to return the check despite repeated requests, and instead forwarded the check to National's attorney, who then deposited the check into the law firm's trust account. Plaintiffs allege that National's refusal to return the endorsed check, its negotiation of the check, and its refusal to pay plaintiffs their "rightful share of the proceeds" constituted a wrongful conversion of plaintiffs' property in that the acts of defendant were intentional and in derogation of plaintiffs' possessory right. We note that either through negligence or intentionally, the plaintiffs failed to include in their petition the uncontradicted fact that plaintiffs received their "share of the proceeds" from National by check dated March 27, 1996, or within a month of the alleged conversion.
The trial judge granted defendant's exception of res judicata. In September 1996, six months after distribution of the funds at issue, plaintiffs settled Rocky Atwell's underlying workers' compensation claim with National Safety. In oral reasons, the trial judge stated:
As a result of the general receipt and release of the funds and the language contained in the Receipt and Release, showing where he was disposing of all claims, he was getting what was his, regardless of how it had to be divided or who may have had an interest or lien in those claims, the defendant in this matter had satisfied its obligation as a result of the compromised agreement.
Plaintiffs contend on appeal that the trial judge erred in granting defendant's exception of res judicata, arguing that a compromise agreement extends only to those matters the parties intended to settle, and that Rocky Atwell entered into the settlement agreement for the sole purpose of settling his workers' compensation claim with his employer. They contend that the language of the agreement clearly speaks of workers' compensation benefits and Louisiana workers' compensation law and that it makes no reference to any prior or subsequent tort which Mr. Atwell's employer or any of its related entities might commit against plaintiffs. Plaintiffs state in brief that had Mr. Atwell intended to compromise his existing conversion action as part of the consideration for the compromise agreement, he would have so stated. Plaintiffs also argue that the conversion action is separate and distinct and did not arise out of the accident of April 17, 1995. We disagree.
First, we reject plaintiffs' argument that the conversion action is separate and distinct and did not arise out of the accident of April 17, 1995. To the contrary, the alleged conversion claim arises out of Ricky Atwell's accident on April 17, 1995, and funds he received in settlement of plaintiffs' claim in connection with that accident. Secondly, since the alleged conversion had already occurred at the time plaintiffs entered into the settlement agreement with National, plaintiffs could have reserved their conversion action but chose not to do so. Third, the language of the compromise agreement clearly and unambiguously releases Atwell's employer, its insurer, and any other entities *497 which may be liable as an employer of Rocky Atwell, from:
any and all demands, rights of action or claims for weekly workers' compensation benefits, medical benefits, penalties, attorneys fees and/or other benefits provided under the Louisiana Workers' Compensation statutes, or any other claims, including any claims of retaliatory discharge, wrongful death, or other claims for damages, and all other amounts ... arising out of the accident which took place on April 17, 1995....
(Emphasis added.)
A valid compromise can form the basis of an exception of res judicata. Brown v. Drillers, Inc., 93-1019 (La.1/14/94); 630 So.2d 741; Nelams v. Allen's TV Cable, 95-444 (La.App. 3 Cir. 11/2/95); 664 So.2d 563. La.R.S. 13:4231 provides in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
The central inquiry in determining whether a second action is barred by res judicata is not whether the second action is based on the same cause of action, but whether it asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. The basic principle underlying the doctrine of res judicata is that a plaintiff must assert all of his rights and claim all of his remedies arising out of the transaction or occurrence. Alternatively, he may reserve the right to bring another action. See Comments (a) and (e) of La.R.S. 13:4231; La. R.S. 13:4232.
Because we find no error in the trial court's grant of National's exception of res judicata, we need not decide whether the trial court erred in denying the exception of no cause of action. Because of the unique circumstances of this case, however, we feel compelled to comment on the exception of no cause of action. Defendant in its exception of no cause of action argued that the allegations of plaintiffs' petition do not support a claim in conversion since there was no wrongful authority or dominion exercised over the property of another. Specifically, defendant took the position that it was a payee on the check and co-owner of the funds and that it had every right through its attorney to deposit the check into a trust account. No evidence can be taken on a peremptory exception of no cause of action. La.Code Civ.P. art. 931. The exception is triable on the face of the petition, and for purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Comm'rs., 93-0690 (La.7/5/94); 640 So.2d 237. This perhaps is the reason plaintiffs excluded from their petition the fact of receipt of their share of the proceeds from the tort settlement within approximately one month of settlement.
The judgment of the trial court is affirmed. Costs of appeal are assessed to Rocky and Shirley Atwell.
AFFIRMED.