I,STEWART, J.
Allen Lee (“Lee”) appeals the trial court’s grant of the defendant’s, Ken Burnham Chevrolet/Oldsmobile (“Burn-ham”), exception of res judicata concerning his claim of retaliatory discharge. For the reasons following, we reverse and remand for proceedings consistent with this opinion.
FACTS
Ken Burnham Chevrolet/Oldsmobile hired Allen Lee in September of 1996. Lee suffered an injury during the course and scope of his employment on February 10, 1999. After recuperating from his surgery, Lee returned to Burnham and performed light duty work. Lee settled his workers’ compensation claim on September 21, 2000 for a lump sum payment of $60,000. In conjunction with the settlement, Lee and Burnham executed a receipt and release regarding the workers compensation claim which stated that Lee released Burnham from “damages for wrongful or retaliatory discharge.” After returning to work, Lee was terminated from his job ostensibly for a lack of work.
Lee filed this action on August 10, 2001. Burnham responded by filing a peremptory exception of res judicata alleging that the workers’ compensation settlement documents constituted res judicata of the is-' sues raised in Lee’s suit, particularly his claim of retaliatory discharge. The trial court granted the exception and Lee appeals.
DISCUSSION

Res Judicata

The general rule announced by the Louisiana Supreme Court in Brown v. Drillers Inc., 93-1019 (La.1/14/94), 630 So.2d 741 is that | ¡.settlement agreements are to be strictly construed with a presumption against res judicata. Res judicata requires three essential elements: (1) the thing demanded must be the same; (2) the demand must be founded on the same cause of action; and (3) the demand must be between the same parties and formed by them against each other in the same quality. La. R.S. 13:4231.
In Sampson v. Wendy’s Management, Inc., 593 So.2d 336 (La.1992), the Louisiana Supreme Court explained that workers’ compensation claims and claims for retaliatory discharge are two distinct causes of action. Jurisdiction of all workers’ compensation matters is vested solely with the Office of Workers’ Compensation. La. R.S. 23:1310.3(A)(4). On the other hand, jurisdiction over a claim for retaliatory discharge is vested in the district court. An action for retaliatory discharge is not a workers’ compensation claim or matter as there lacks a nexus between the claims.
We reject Burnham’s claim that the retaliatory discharge claim is barred by contract, that is the receipt and release. The res judicata effect of the receipt and release is limited. When one looks to the scope of the compromise, only those ideas which are clearly expressed within the four corners of the document can be used to determine the compromise’s effect. However, absent some substantiating evidence of mistaken intent, no reason exists to look beyond the four corners of the instrument to ascertain intent. Brown, supra. The language in the receipt and release executed by Mr. Lee on September 21, 2000, underscores this distinction.
1 aThe pertinent language is as follows:
*711 Mr. Lee discharged the Defendant “... from all claims for workers’ compensation benefits, ... benefits for wrongful or retaliatory discharge and any other claims of whatsoever nature in kind arising heretofore, or which may hereafter arise as a result of the accident that was alleged to have occurred on or about February 10, 1999, which was alleged to have resulted in personal injury to me. (Emphasis added).
The clause clearly contemplates two causes of action: those that had vested before the release, and any other causes that arise as a result of the accident after the release. Clearly, the cause of action for retaliatory discharge had not vested prior to the release because Lee had not been fired. Secondly, the retaliatory discharge was not a cause of action arising out of the accident, so it was not foreclosed by the release. The clause in the release of claims only released claims arising heretofore. Lee asserts that this encompasses only claims existing prior to the date of the release. The wrongful termination claim did not exist until after the compromise. The second clause of the release only applies to claims which may hereafter arise; but those claims were further limited to those that arise as a result of the accident. The retaliatory discharge claim does not arise out of the accident, but rather out of the post release conduct of Burnham. Thus, his claim is unaffected by the receipt and release. Moreover, the contract must be interpreted against the drafter. La. C.C. art.2056. Burnham’s clause limiting the release to incidents arising out of the accident must be construed in favor of Lee and preclude a finding of res judicata.
A workers’ compensation claimant cannot waive a retaliatory discharge claim if, at the time of the receipt and release, he has not been 1¿discharged. See Bailey v. Martin Brower Co., 94-1179 (La.App. 1 Cir. 4/7/95), 658 So.2d 1299. Burnham cites Atwell v. National Safety Consultants, Inc., 97-1561 (La.App.3d. Cir.4/1/98), 713 So.2d 495, for the proposition that a court will find res judicata on a cause of action waived in a release. However, Atwell is distinguishable from the instant case in that the release barred a tort claim for wrongful conversion of funds that had already occurred at the time of the release. Thé discharge in this case did not occur until after the execution of the release.
In sum, a valid and final judgment is conclusive only as to causes of action existing at the time of final judgment. La. R.S. 13:4231(1) and (2). The retaliatory discharge claim did not exist until after the entry of the valid and final judgment in this case. Consequently, a claim for retaliatory discharge is not a claim that falls within the ambit of a workers’ compensation case and cannot be subject to res judicata in a matter arising separately from the settlement. See Hebert v. Mid South Controls & Services Inc., 96-378 (La.App. 3d Cir.10/9/96), 688 So.2d 1171, twit denied 96-2708 (La.2/21/97), 688 So.2d 523, cert denied, 522 U.S. 814, 118 S.Ct. 61, 139 L.Ed.2d. 24 (1997). The WCJ had no authority over the retaliatory discharge claim; therefore, it could not have been settled by the WCJ.
We also note that under La. C.C. art. 2003, a tort victim cannot relinquish by contract, in advance, his right to recover for damages caused by the fault of another when: (1) the contract or clause waives a victim’s right to recover because of damages caused by the intentional or gross fault lRof the other party; and (2) when the contract or clause waives a victim’s right to recover because of his physical injury. Lee contends that the retaliatory discharge claim arises out of Burnham’s intentional conduct toward him, and by its *712 very nature, cannot be obviated by contract. While we make no finding with regard to the motive behind Lee’s firing, it is obvious that it was an intentional act by Burnham.
CONCLUSION
For the reasons expressed above, we find that the trial court was incorrect in sustaining the defendant’s exception of res judicata, and remand this matter for proceedings consistent with this opinion. Costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.