# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**13-596**

**TOBY J. BROUSSARD**

**VERSUS**

**BROWN'S FURNITURE OF LAFAYETTE, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20103489
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Jacob B. Fusilier
J. Wendel Fusilier
Attorneys at Law
P. O. Box 528
Ville Platte, LA 70586-0000
(337) 363-6661
COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Brown's Furniture of Lafayette, Inc.**
    **Jasper J. Fontenot**

**John Martin Jefcoat
Robert Mark Martina
Britney L. Hebert
Gallow Jeffcoat, L.L.P.
P. O. Box 61550
Lafayette, LA 70596
(337) 984-8020
COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Toby J. Broussard**

**GREMILLION, Judge.**

Toby J. Broussard appeals the dismissal granted to the defendants, Brown's Furniture of Lafayette, Inc. (Brown's), and Jasper Fontenot, pursuant to an exception of res judicata. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Broussard alleges that he was injured on May 23, 2009, when Fontenot, his supervisor at Brown's, grabbed him and violently shook him. As a result of this incident, Broussard initiated a claim for workers' compensation benefits. He also filed the instant civil suit.

The parties successfully mediated the workers' compensation claim on April 7, 2011. Broussard executed a receipt and release of all claims on May 10, 2011. The settlement was approved, and Broussard's claim was dismissed on May 12, 2011. The defendants then filed an exception of res judicata in which they asserted that the dismissal of the workers' compensation proceeding acted to preclude the district court matter. Broussard sought to introduce the mediation agreement to demonstrate that only the workers' compensation claim was intended to be resolved. Brown's and Fontenot moved to strike the mediation agreement on the grounds that its introduction was prohibited by La.R.S. 9:4112, governing the confidentiality of mediation proceedings.[1] The trial court struck the mediation agreement and maintained the exception. Broussard then took this appeal.

## ASSIGNMENTS OF ERROR

Broussard assigns the striking of the mediation agreement and the granting of the exception as two errors committed by the trial court.

---

[1] Louisiana Revised Statute 9:4112 provides that "all written and oral communications and records" made during a mediation are exempt from disclosure except in specific circumstances. Those circumstances are not present here. The receipt and release was executed after the mediation, so the statute does not even arguably apply.

## ANALYSIS

Res judicata is governed by La.R.S. 13:4231, which provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

A valid compromise can form the basis for an exception of res judicata. *Atwell v. Nat'l Safety Consultants, Inc.*, 97-1561 (La.App. 3 Cir. 4/1/98), 713 So.2d 495, *writ denied*, 98-1866 (La. 10/30/98), 727 So.2d 1164. "A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised." La.Civ.Code art. 3080. In the context of workers' compensation matters, it is the settlement document that governs the relations between the parties and not the workers' compensation judge's order of approval or the judgment of dismissal. *Tyson v. Thompson Home Health*, 10-1040 (La.App. 3 Cir. 3/16/11), 59 So.3d 509, *writ granted*, 11-760 (La. 6/3/11), 63 So.3d 1020, *writ denied as improvidently granted*, 11-760 (La. 10/25/11), 79 So.3d 246.

In the present matter, the receipt and release executed by Broussard was introduced in support of the exception of res judicata. That document reads, in pertinent part (Emphasis added):

2

RECEIPT AND RELEASE

WHEREAS, on or about May 23, 2009, Toby Broussard was employed by Brown's Furniture of Lafayette as a tire service technician when he claims to have sustained physical injuries while in the course and scope of his employment;

WHEREAS, Toby Broussard has claimed that as a result of said accident, he has required medical treatment compensable under the Louisiana Workers' Compensation Laws and, therefore, is entitled to receive and be paid indemnity and workers' compensation medical benefits for the period of his disability plus all medical expenses;

WHEREAS, Brown's Furniture of Lafayette and Stonetrust Commercial Insurance Company specifically deny that Toby Broussard sustained a physical injury by accident that arose out of and in the course and scope of said employment and deny that he is entitled to any benefits whatsoever;

WHEREAS, Toby Broussard, a person of the full age of majority and a resident of and domiciled in the Parish of Lafayette, State of Louisiana, who declared that he and Brown's Furniture of Lafayette and Stonetrust Commercial Insurance Company have entered into negotiations for the purpose of adjusting their differences and putting an end to *any* future litigation and have mutually agreed upon an amicable compromise and settlement of *any* and *all* claims, demands, actions, suits, debts, charges, liens or damages *of any kind whatsoever*, which the claimant has or may hereafter acquire against Brown's Furniture of Lafayette and Stonetrust Commercial Insurance Company, their respective officers, directors, owners, managers, employees, agents, subsidiary and/or related companies, associates, representatives, insurers, successors, underwriters and/or assigns arising out of *or in any way connected with* any accidents or injuries sustained by Toby Broussard while employed by Brown's Furniture of Lafayette prior to the date of the settlement herein, including specifically but not exclusively, the alleged accidental injuries of May 23, 2009.

NOW, THEREFORE KNOW ALL MEN BY THESE PRESENTS;

That for and consideration of the payment by Stonetrust Commercial Insurance Company of the sum of ONE HUNDRED TWENTY THOUSAND ($120,000.00) DOLLARS to Toby Broussard, receipt of which is hereby acknowledged, Toby Broussard does hereby *remise, release and forever discharge* Brown's Furniture of Lafayette and Stonetrust Commercial Insurance Company, their respective officers, directors, owners, managers, employees, agents, subsidiary and/or related companies, associates, representatives,

3

successors, insurers, underwriters and/or assigns from *any* and *all* manner of debts, claims, liens, demands, charges, actions, suits, damages, liabilities *of any kind whatsoever*, whether now known or hereinafter discovered, which he had, has or may hereafter acquire, *arising out of any accidents or injuries sustained by him while employed by Brown's Furniture of Lafayette in any capacity prior to the date of the settlement herein, including specifically, but not exclusively, the alleged accidental injury of May 23, 2009.*

The release hereby granted includes, *without limitation*, *all manner of claims, actions, suits, liens, debts, damages or injuries whatsoever*, in law or equity, whether growing out of Louisiana Workers' Compensation Law, the Longshore and Harbors Workers Compensation Act; entitlements from lawful [sic] discrimination under Louisiana statute or under any other law or right, whether said law is federal law or state law; *all tort under the Louisiana Civil Code and its ancillaries, whether derived or arising from. Article 2315 et seq.*, strict liability, or liability under LSA-R.S. 46:2251 et seq., Liability under 42 USC Sect. 12101 et seq. (Americans with Disabilities Act); liability under 29 USC 2601 et seq. (Family Medical Leave Act); *or any other liability whatsoever* arising out of the aforementioned accident, regardless of the origin of the laws.

. . . .

Toby Broussard understands that in executing this Receipt and Release, he is releasing and *giving up every right he has ever had against the parties released herein*, and that he is signing this Release freely, willingly and without duress or promise, Toby Broussard further realizes that *he is giving up the right to any further-money or benefits from or on behalf of any of the parties released herein.*

Aspects of a claim that were not intended to be covered by the release are generally not barred. *Holloway Drilling Equip., Inc. v. Bodin*, 12-355 (La.App. 3 Cir. 11/7/12), 107 So.3d 699. The same rules of contractual interpretation apply to compromises as to other contracts. *Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So.2d 741. That includes the maxim that the intent of the parties is ordinarily determined by examining the four corners of the document. *Id.* Extrinsic evidence may be introduced only when terms are susceptible of more than one meaning, when there is uncertainty or ambiguity in the language employed, or when the intent cannot be ascertained within the four corners of the document. *Id.* When

the intent can be ascertained within the four corners of the document, its interpretation is a matter of law and not of fact. *Id.*

In the present matter, we find no ambiguity in the language of the release Broussard executed. Had Broussard intended to release Brown's and Fontenot only for the workers' compensation claim, he could easily have reserved the present matter specifically. He could have omitted the language encompassing all damages or injuries from the May 23, 2009 incident and the language specifically referencing his release of tort claims. He could have insisted in omitting the language indicating that he was "releasing and giving up every right he has ever had against the parties," and that he realized that he was "giving up the right to any further-money or benefits from or on behalf of any of the parties released." The inclusion of these absolute expressions of complete and total release leaves no room for questioning the intent to release all claims arising from the May 23, 2009 incident.

Accordingly, the trial court did not err in refusing to consider the extrinsic evidence offered by Broussard. Further, it did not err in maintaining the exception of res judicata. The judgment of the trial court dismissing Broussard's demands against Brown's and Fontenot is affirmed. All costs of this appeal are assessed against plaintiff/appellant, Toby J. Broussard.

**AFFIRMED.**