COOKS, J.,
dissenting.
hi respectfully dissent from the majority’s decision to affirm the grant of summary judgment in this case. I do not oppose the majority opinion solely because it affirms what is, by all parties’ acknowledgment, a very harsh result; but most importantly because it is in contravention of the law.
On an appeal involving a motion for summary judgment, the court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact. All doubts should be resolved in favor of the nonmov-ing party. Hines v. Garrett, 04-806 (La. 6/25/04), 876 So.2d 764. The law is clear that summary judgment is seldom appropriate for determinations based on subjective facts such as motive, intent, good faith, knowledge and malice. Hogg v. Chevron USA Inc., 09-2632 (La. 7/6/10), 45 So.3d 991; Jones v. Estate of Santiago, 03-1424 (La. 4/14/04), 870 So.2d 1002.
The majority quotes the Hymel case wherein the court stated it “is not the *693 province of the courts to relieve a party of a bad bargain, no matter how harsh.” 7 So.3d at 1253. I find it incorrect to equate what happened here as a “bad bargain,” when, as the majority opinion notes, there was never any intent “to release Huffines and Chrysler when Yolanda signed the release.” The only thing bargained for in the release was to settle with GEICO for the limits of its policy. |aNo “bargain” was ever entered into between Plaintiffs and Huffines and/or Chrysler, thus the reliance on Hymel is misplaced.
The majority also cites this court’s opinion in Gunderson, 44 So.3d at 789, for the proposition that “[ejquitable considerations and estoppel cannot prevail in conflict with the positive law.” However, in my view the positive law in this case is in favor of the Plaintiffs. Louisiana Civil Code Article 2045 provides that “[ijnter-pretation of a contract is the determination of the common intent of the parties.” As has been set forth, there is no reasonable belief by anyone [including the defendants and my colleagues] that there was any intent to release Huffines and Chrysler in the settlement contract entered into with GEICO.
It is true, La.Civ.Code Art. 2046 provides that, “[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” (Emphasis added) After examining the facts of this case, it is difficult to fathom a more absurd result than what would occur in this case if the motion for summary judgment is granted. The facts are clear that eight days prior to the release of GEICO, Plaintiffs filed a products liability suit against Huffines and Chrysler. The Medicaid hen alone against Plaintiffs was for nearly a quarter of a million dollars. Raymond was also rendered a quadriplegic as a result of the accident and died just two years later largely as a result of his injuries. If Plaintiffs were to ultimately prevail in their products liability case against Huffines and/or Chrysler, it is highly likely the damages awarded would be enormous. To dismiss Plaintiffs’ timely filed suit against two entities in no way involved in the negotiation of the settlement with GEICO, when all sides acknowledge there was no intent to settle Plaintiffs’ claims against them, is an obvious example of an absurd consequence. Huf-fines and Chrysler were not a party to the negotiations with GEICO, did not concede any rights or contribute any proceeds. Therefore, not only do I find this is an unduly |sharsh result against Plaintiffs, more importantly it is a result not countenanced by our statutory law.
“The same rules of contractual interpretation apply to compromises as to other contracts.” Broussard v. Brown’s Furniture of Lafayette, Inc., 13-596, p. 4 (La. App. 3 Cir. 12/11/13), 128 So.3d 640, 643, writ denied, 14-333 (La. 4/11/14), 138 So.3d 605. Louisiana Civil Code Article 3076 provides “[a] compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express.” The Louisiana Supreme Court has stated that article “provides for two elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences.” Trahan v. Coca Cola Bottling Co. United, Inc., 04-100, p. 10 (La. 3/2/05), 894 So.2d 1096, 1104. Again, it is conceded by all parties that there was no intent to settle the claims against Huffines and Chrysler. Moreover, there is no dispute that Huffines and Chrysler did not concede any rights or contribute any proceeds pertaining to the release of GEICO.
*694 The parties’ intent in executing a compromise is normally discerned from the four corners of the document; and extrinsic evidence is normally inadmissible to explain, expand or contradict the terms of the instrument. Brown v. Drillers Inc., 93-1019 (La. 1/14/94), 630 So.2d 741. However, when the parties to a compromise dispute its scope, they are permitted to raise factual issues regarding whether the unequivocal language of the instalment was intended to be truly unequivocal. Id. This permission is only granted when there is some “substantiating evidence” of mistaken intent. Dimitri v. Dimitri, 00-2641 (La. App. 4 Cir. 1/30/02), 809 So.2d 481, 485.
In Brown v. Drillers Inc., supra, the Supreme Court held that “substantiating evidence” must establish: either (1) that the releasor was mistaken as to what he or 4she was signing, even though fraud was not present; or (2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim. I find the record in this case clearly establishes “substantiating evidence” of mistaken intent, or, at the very least, sufficiently posits facts that raise a genuine issue regarding the intent of the parties.
I find the trial court’s reliance on this court’s opinion in Baudoin v. Montoya, 07-910 (La.App. 3 Cir. 1/30/08), 974 So.2d 877, writ denied, 08-479 (La. 5/2/08), 979 So.2d 1284, is misplaced. In that case, we found the plaintiff did not “present any evidence to prove his ‘lack of intention to release all defendants, when the release plainly states all parties are released.’ ” In this case, Plaintiffs presented ample evidence to establish that Yolanda Cressy did not intend to compromise the claims asserted against Huffines and Chrysler herein. Plaintiffs filed suit against Huffines and Chrysler eight days before the release with GEICO. That suit was not dismissed by Plaintiffs following the release. Litigation proceeded for several years, involving motions, discovery and expert consultations, This clearly evidences that Yolanda Cressy did not intend to settle the underlying claims against Huffines and Chrysler, Yolanda Cressy’s testimony also confirms she did not understand the nature of the rights being released and that she did not intend to release Huffines and Chrysler. Moreover, as Judge Iieaty notes in her opinion and opposing counsel confirmed at oral argument Plaintiffs “did not intend to release Huffines and Chrysler when Yolanda signed the release with Wayne and GEICO in exchange for the $25,000.00 limit of the GEICO policy.”
It is inescapable there was, at a bare minimum, a genuine issue regarding the true intent of the parties; in fact, there is no factual dispute by anyone that there was no intent “to release Huffines and Chrysler when Yolanda signed the release.” Therefore, the law allows the courts to look beyond the four corners of the |,r,document in question, regardless of whether it contains any ambiguity. To hide behind a supposed lack of ambiguity in the release document to affirm summary judgment herein, is not simply maintaining a harsh result, but is a disturbing misapplication of our law.
Therefore, I find there was substantiating evidence submitted below to raise, at a minimum, a genuine issue of material fact regarding Plaintiffs’ intent in executing the release. Therefore, summary judgment was not appropriate and I would reverse the trial court’s grant of summary judgment.