# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-686

**DAVID EARLY**

**VERSUS**

**R AND J TECHNICAL SERVICES, INC.**

\*\*\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
## PARISH OF LAFAYETTE, NO. 10-09740
## HONORABLE ADAM JOHNSON, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Painter, Judge, dissents and assigns written reasons.**

Harry Burdette
300 Stewart St.
Lafayette, LA 70501
COUNSEL FOR PLAINTIFF-APPELLANT:
      David Early

Paul W. Jones
4766 S. Holladay Blvd.
Salt Lake City, UT 84117
COUNSEL FOR DEFENDANT-APPELLEE:
      R and J Technical Services, Inc.

**COOKS, Judge.**

Plaintiff, David Early, appeals the judgment of the Workers' Compensation Judge (WCJ) dismissing his claim against Defendant, R and J Technical Services (R and J) with prejudice. For the following reasons, we affirm.

## FACTS

Plaintiff was contacted in Lafayette Parish, Louisiana to perform work for R and J in North Dakota. He allegedly sustained an electrical shock injury on July 10, 2010. A claim was filed with the North Dakota Workforce Safety and Insurance (NDWSI). On September 23, 2010, the NDWSI issued a "NOTICE OF DECISION DENYING BENEFITS." It was determined that Plaintiff did not sustain a work-related injury. The Notice also included language notifying Plaintiff of his right to dispute the decision within thirty days by notifying his claims adjuster. Rather than disputing that decision, on October 10, 2010, Plaintiff filed a disputed claim for compensation with the Louisiana Office of Workers' Compensation. The disputed claim was served on the NDWSI, as well as R and J. A motion to dismiss the disputed claim for compensation was filed by R and J, asserting that the claim was adjudicated in the North Dakota tribunal and, that because Plaintiff failed to properly dispute the decision of the NDWSI, that decision is res judicata and, as the judgment of another state, it is entitled to the full faith and credit of the courts of this state.[1] The WCJ granted the motion. Early appeals.

## ANALYSIS

In his first issue, Plaintiff asserts he was not "properly noticed that [NDWSI] was an alleged tribunal and not an insurance company." We find no merit in this argument.

---

[1] Counsel for Defendant, Paul W. Jones, applied for and was granted admission to the Louisiana State Bar Association pro hac vice.

1

The North Dakota legislature created the NDWSI, which is a tribunal with authority to render judgments in all workers' compensation claims that have the same effect as a court. It is the equivalent of Louisiana's Office of Workers' Compensation. Plaintiff has set forth no reasonable assertion or any authority for his erroneous belief that the NDWSI was an insurance company.

As to Plaintiff's argument that he was not "properly noticed" by the NDWSI, he unequivocally acknowledged that he received from NDWSI a "Notice of Decision Denying Benefits," which gave the following instructions with regard to disputing the decision:

> If you feel this decision is incorrect, please write to your claims adjuster within 30 days of the date on this notice to request reconsideration. Please explain why you think the decision is wrong and what you think the correct decision should be. Also enclose any additional information for WSI to consider. The request for reconsideration must be in writing from you, not your physician. If a request for reconsideration is not received within 30 days, this decision will be final. If you agree with this decision, nothing more is required.

Plaintiff argues this notice "does not advise [him] that this is a judicial determination or that if he fails to request reconsideration within thirty days that all remedies for his workers' compensation claim will have been judicially exhausted." We note, initially, this assertion is untrue as the notice from the NDWSI does advise him of his legal rights to appeal. Further, Plaintiff has cited no legal authority as to why his erroneous belief the NDWSI was an insurance agency would relieve him of his duty to adhere to North Dakota workers' compensation law and appeal procedures considering he voluntarily filed his claim there.

In his second assignment of error, Plaintiff argues the NDWSI "was divested from any jurisdiction in claimant's workers' compensation claim when claimant filed a Disputed Claim for Workers' Compensation Benefits (Form 1108) in

2

Louisiana prior to a final adjudication by [the NDWSI]." Again, Plaintiff cites to no legal authority for this proposition.

In his oral reasons for judgment, the OWC judge noted the United States Supreme Court case of *Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 100 S.Ct. 2647 (1980). In that case, The United States Supreme Court stated "the fact findings of state administrative tribunals are entitled to the same res judicata effect in the second State as findings by a court." *Id.* at 281, 100 S.Ct. at 2660. Therefore, the Louisiana Office of Workers' Compensation is compelled by the Full Faith and Credit Clause to give preclusive effect to the fact findings of a North Dakota administrative tribunal.

In the present case, Plaintiff's claim for benefits in Louisiana is completely conditional upon his having sustained his alleged injury while working in North Dakota. However, the administrative tribunal of North Dakota (the NDWSI) has already ruled on the fact and found that Plaintiff did not sustain such an injury. Under *Thomas,* the Louisiana court must give full faith and credit to that factual determination. Without an injury, the Louisiana Office of Workers' Compensation was required to dismiss Plaintiff's claim. There was no error in the OWC's grant of the motion to dismiss.

Finally, R and J asks this court to award damages for frivolous appeal pursuant to La.Code Civ.P. art. 2164. However, R and J failed to file an answer to the appeal requesting such damages, and therefore, we are precluded from considering this issue. La.Code Civ.P. art. 2133.

**DECREE**

The judgment of the Louisiana Office of Workers' Compensation dismissing Plaintiff's claim is affirmed. All costs of this appeal are assessed to Plaintiff-Appellant, David Early.

**AFFIRMED.**

# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-686

## DAVID EARLY

## VERSUS

## R AND J TECHNICAL SERVICES, INC.

**\*\*\*\*\*\*\*\*\*\***

**PAINTER, Judge, dissents.**

I respectfully dissent from the majority opinion herein and would reverse the judgment of the Workers' Compensation Judge dismissing Early's claim and would order the matter stayed

I believe that the filing of the claim and service thereof on the NDWSI was sufficient notice of intent to dispute the decision to interrupt the delay for disputing it set out in the notice issued by the NDWSI.

Therefore, it is my opinion that no final judgment exists such as to support an exception of res judicata or the existence of a final judgment entitled to the full faith and credit of the courts of this state. I would, however, find that the doctrine of *lis pendens* is, however, applicable. Louisiana Code of Civil Procedure Article 532 provides that:

> When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.

Because suit is pending in the North Dakota court, I would reverse the judgment of the trial court dismissing Early's claim and order this matter stayed until the North Dakota proceeding is discontinued or a final judgment has been rendered.