# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-987


STEVE RICHARD

VERSUS

QUALITY CONSTRUCTION &
PRODUCTION, LLC, ET AL.


\**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 12-08721
SHARON MORROW, WORKERS' COMPENSATION JUDGE

OPINION ON REMAND

\**********

## BILLY HOWARD EZELL
## JUDGE

\**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


**AFFIRMED.**

**Skylar J. Comeaux**
**Robicheaux & Collins**
**2014 W. Pinhook Road, Ste 503**
**Lafayette, LA 70508**
**(337) 235-7888**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
**Zurich American Insurance Company**
**Quality Construction & Production,LLC**

**Jennifer B. Valois**
**The Barber Law Firm**
**111 Mercury Street**
**Lafayette, LA 70503**
**(337) 232-9894**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
**Steve Richard**

**EZELL, Judge.**

Quality Construction & Production, L.L.C., and Zurich American Insurance Company (Applicants), sought supervisory writs from a judgment of the Office of Workers' Compensation which denied their exception of res judicata. Finding no error in the workers' compensation judge's ruling, this court denied writs. The Applicants then sought relief from the Louisiana Supreme Court, which remanded the case to us for briefing, argument, and a full opinion. The supreme court requested that this court specifically address our prior holding in *Early v. R and J Technical Services, Inc.*, 12-686 (La.App. 3 Cir. 2/13/13), 129 So.3d 46.

## FACTS

This case involves a workers' compensation action filed against the Applicants by Steve Richard, a Louisiana resident. On August 9, 2012, Mr. Richard was allegedly injured in an automobile accident while driving to work at a well-site in Mountrail, North Dakota.

Shortly after the accident, a claim was filed on Mr. Richard's behalf with North Dakota Workforce Safety & Insurance (N.D. Workforce), a statutorily-created administrative body that regulates workers' compensation claims in North Dakota. N.D. Workforce found that the accident was caused by Mr. Richard's use of drugs and alcohol. Thereafter, N.D. Workforce held that Mr. Richard's injuries did not arise out of the course of his employment, and Mr. Richard was denied benefits on August 28, 2012. The decision by N.D. Workforce was never appealed or otherwise challenged. Mr. Richard alleges that he never pursued a claim with N.D. Workforce and that he never received notice of a claim having been made with that agency on his behalf.

On December 12, 2012, Mr. Richard filed a disputed claim for workers' compensation benefits in Louisiana. In response to Mr. Richard's claim, the Applicants filed an exception of res judicata, arguing that the proceedings before N.D. Workforce precluded Mr. Richard's Louisiana action. Following a hearing, the workers' compensation judge denied the Applicants' exception of res judicata.

**DISCUSSION**

In the instant case, Applicants assert that the trial court should have granted their exception of res judicata and dismissed the instant workers' compensation action which Mr. Richard filed in Louisiana. Applicants note that under the laws of North Dakota, a workers' compensation claim may be brought by the employee or it may be brought by the employer or others on behalf of the employee. Applicants also note that a workers' compensation claim was previously filed in North Dakota on Mr. Richard's behalf as a result of the same accident that is at issue in the instant lawsuit. Applicants point out that the workers' compensation court in North Dakota dismissed Mr. Richard's claims for benefits based on its factual finding that Mr. Richard was under the influence of alcohol and drugs at the time of the accident and its determination that Mr. Richard was not acting within the course and scope of his employment at the time of the accident. Also, Applicants note that Mr. Richard did not appeal the decision by N.D. Workforce. Applicants contend that since Mr. Richard's claim for compensation has already been decided by North Dakota, the doctrine of res judicata bars re-litigation of Mr. Richard's workers' compensation claim in Louisiana.

The doctrine of res judicata is set forth in La.R.S. 13:4231, which provides as follows:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

There is a more specialized statutory provision governing res judicata as it pertains to workers' compensation cases. Pursuant to La.R.S. 23:1310.8(E), "[a] judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal."

In support of their position, Applicants argue that pursuant to U.S. Const., art. VI, § 1, Louisiana is obligated to give full faith and credit to the North Dakota decision regarding workers' compensation benefits for Mr. Richard. Applicants acknowledge that full faith and credit is not required for a foreign judgment rendered by a court which lacks jurisdiction. However, Applicants maintain that there is a presumption that the court in the other state had jurisdiction over the case, and Applicants contend that Mr. Richard has presented no clear and positive proof to show that the North Dakota ruling is invalid. Further, Applicants note that this court has previously held that full faith and credit should be given to a decision rendered by N.D. Workforce citing *Early*, 129 So.3d 46. Applicants note that in *Early*, 129 So.3d at 48, this court stated the following:

3

In the present case, Plaintiff's claim for benefits in Louisiana is completely conditional upon his having sustained his alleged injury while working in North Dakota. However, the administrative tribunal of North Dakota (the NDWSI) has already ruled on the fact and found that Mr. Richard did not sustain such an injury. Under *Thomas* [*v. Washington Gas Light Co.,* 448 U.S. 261, 100 S.Ct. 2647 (1980)], the Louisiana court must give full faith and credit to that factual determination. Without an injury, the Louisiana Office of Workers' Compensation was required to dismiss Plaintiff's claim. There was no error in the OWC's grant of the motion to dismiss.

In his opposition to the instant writ application, Mr. Richard takes the position that the trial court did not err when it denied Applicants' exception of res judicata. Mr. Richard maintains that La.R.S. 23:1035 allows him to seek workers' compensation benefits in both Louisiana and North Dakota as a result of his accident of August 9, 2012. Mr. Richard notes that there are distinctions between the workers' compensation laws of Louisiana and those of North Dakota. For instance, Mr. Richard points out that Louisiana permits a claimant to receive temporary total disability benefits for 520 weeks while North Dakota permits a claimant to receive such benefits for only 104 weeks.

Mr. Richard also asserts that he did not file a claim for workers' compensation benefits with N.D. Workforce and that he had no notice of a decision denying him benefits under the North Dakota system. In support of those assertions, Mr. Richard presented the workers' compensation court in Louisiana with letters from N.D. Workforce dated August 10, 2012 and August 13, 2012. In those letters, N.D. Workforce indicated that a workers' compensation claim was being filed on Mr. Richard's behalf in North Dakota and requested that Mr. Richard complete a "first report of injury report." However, Mr. Richard contends that he never completed the injury report. Also, Mr. Richard maintains that although the letters from N.D. Workforce were addressed to his home address in

4

Kaplan, Louisiana, he did not receive them because he was in Minnesota receiving treatment for his injuries at that time. In that regard, Mr. Richard points out that on the day of the accident, he was airlifted to a hospital in North Dakota and that on the day after the accident, he was airlifted to a Minnesota hospital where he remained for approximately one month. Further, Mr. Richard testified that he does not recall receiving the letters from N.D. Workforce even after he had returned home to Louisiana after having had surgery and having been hospitalized in Minnesota.

Mr. Richard argues that in *Thomas*, 448 U.S. 261, the United States Supreme Court held that the Full Faith and Credit Clause does not prohibit an employee from seeking an award of workers' compensation benefits in a second jurisdiction despite the fact that the employee had previously received an award of workers' compensation benefits in another state for the same accident. Mr. Richard contends that the court in *Thomas* held that although res judicata principles may be applied to bar re-litigation of claims that have been adjudicated by a court having jurisdiction over such claims, full faith and credit does not need to be given to determinations made by a court if that court did not have authority to make such determinations. Accordingly, Mr. Richard argues that in the instant case, the Louisiana workers' compensation court is not required to give the North Dakota decision any weight because N.D. Workforce does not have the authority to determine Mr. Richard's rights to workers' compensation benefits under the Louisiana system. Mr. Richard notes that when denying Applicants' exception of res judicata, the workers' compensation judge stated that even if she were to accept N.D. Workforce's finding that Mr. Richard was intoxicated, Mr. Richard would

still be allowed to rebut the presumption under Louisiana law. We find that the workers' compensation court's conclusion was correct on that issue.

With regard to the issue of res judicata, jurisprudence has held that "[t]he res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection." *Maschek v. Cartemps USA*, 04-1031, p. 6 (La.App. 4 Cir. 2/16/05), 896 So.2d 1189, 1193 (citation omitted). Also, La.R.S. 13:4232 sets forth exceptions to the preclusive effect of res judicata. In pertinent part, this statute provides as follows:

> A. A judgment does not bar another action by the plaintiff:
>
> (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
>
> (2) When the judgment dismissed the first action without prejudice; or,
>
> (3) When the judgment reserved the right of the plaintiff to bring another action.

In the instant case, the workers' compensation court in Louisiana concluded that Mr. Richard did not participate in the workers' compensation proceedings in North Dakota "in any fashion" and that his lack of participation was not intentional. Rather, the court found that Mr. Richard was in the hospital while all of the proceedings were taking place in North Dakota. At the very least, Mr. Richard's extended hospitalization and his lack of notice of the North Dakota proceedings constitute exceptional circumstances which warrant relief from the preclusive effect of res judicata, as contemplated by La.R.S. 13:4232(A)(1).

We find that the workers' compensation court correctly noted that the instant case is factually distinguishable from the *Early* case because in the present case Mr.

Richard had a total lack of notice or involvement in the prior workers' compensation proceedings in North Dakota.

For the foregoing reasons, we find that the trial court did not err when it denied Applicants' exception of res judicata. The ruling of the trial court denying Quality Construction & Production, L.L.C.'s, and Zurich American Insurance Company's exception of res judicata is affirmed, and this case is remanded to the Office of Workers' Compensation for further proceedings.

**AFFIRMED.**