# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #036

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **29th day of June, 2017**, are as follows:

**BY CLARK, J.**:

2016-CC-0625     PAULA CLAVIER v. COBURN SUPPLY COMPANY, INC., ET AL. (Office of Workers' Compensation, District 4)

Knoll, J., retired, participating in this decision (argued prior to her retirement) as a justice ad hoc.

Accordingly, the September 4, 2015 order of the Office of Workers' Compensation is affirmed.
AFFIRMED

JOHNSON, C.J., dissents.
HUGHES, J., dissents and will assign reasons.
KNOLL, J., dissents with reasons.

SUPREME COURT OF LOUISIANA

No. 2016-CC-0625

PAULA CLAVIER

VERSUS

COBURN SUPPLY COMPANY, INC., ET AL.

ON SUPERVISORY WRITS TO
THE OFFICE OF WORKERS' COMPENSATION, DISTRICT 4

CLARK, J.[*][**]

Following the denial of writs by the appellate court in this workers' compensation case, we granted the employee's writ application to review whether the employee has a right to select a non-physician medical provider to perform a functional capacity evaluation ("FCE") at the employer's expense for the purpose of contesting the results of a prior FCE that was performed by an employer-referred physical therapist. For the following reasons, we affirm the decision of the Office of Workers' Compensation ("OWC") and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The workers' compensation claimant in this case, Paula Clavier, injured her neck, shoulder, and back on May 16, 2006, while attempting to lift what she thought was a lightweight box, but which actually contained a heavy cast iron sink; the accident occurred within the course and scope of her employment with Coburn

---

[*] Knoll, J., retired, participating in this decision (argued prior to her retirement) as a justice ad hoc.

[**] This opinion was reassigned on May 10, 2017.

Supply Co., Inc. ("Coburn"). Ms. Clavier sought medical treatment on the day of the accident, and she continued to receive treatment as of the hearing date.[1]

Ms. Clavier first filed a claim with the OWC for her work-related injuries on October 1, 2007, naming as defendants Coburn and its insurer, CNA Insurance Companies. The matters initially presented were settled by a consent judgment rendered on January 13, 2010, which established that Ms. Clavier was entitled to temporary total disability benefits in the amount $344.02 per week, beginning May 17, 2006, as well as all reasonable and necessary medical treatment. In addition, Ms. Clavier was awarded $4,000 in penalties and $8,500 in attorney fees.[2]

Upon the July 22, 2013 issuance of a work status report by Ms. Clavier's treating physician, Dr. Hodges, which stated that "[t]he patient is unable to work pending treatment," the defendants sought to have her examined by a physician of their choice. On August 20, 2013 Ms. Clavier was examined by the defendants' physician, Dr. W. Stan Foster. Dr. Foster opined that Ms. Clavier exhibited "significant signs of symptom magnification" and that she had reached maximum medical improvement. He recommended an FCE to determine her work status.

---

[1] Ms. Clavier first saw her family doctor on the day of the accident. However, after an MRI was performed on August 17, 2006, which revealed two herniated cervical discs impinging on the spinal cord, Ms. Clavier was referred to Dr. Fraser Landreneau, a neurosurgeon at the Baton Rouge Neuromedical Center, who performed an anterior cervical discectomy and fusion, on November 29, 2006, at the C5-6 and C6-7 levels of her neck. Ms. Clavier was also treated at the Lafayette Bone & Joint Clinic ("LB&J") by Dr. John Cobb, who diagnosed impingement tendonitis of the right shoulder with bursitis, and he performed an anterior acromioplasty and bursectomy of the shoulder on March 19, 2008. In addition, Ms. Clavier was diagnosed by Dr. Landreneau, Dr. Cobb, Dr. Daniel Hodges, and Dr. Patrick A. Juneau with an entrapment of the right median nerve at the wrist, which required carpal tunnel surgery. Dr. Juneau confirmed that the wrist problem arose from compression of the cervical nerves. The carpal tunnel surgery was performed by Dr. Cobb on July 26, 2011. After the death of Dr. Cobb, Ms. Clavier's treatment was assumed by LB&J Doctors John Sledge and Daniel Hodges, who treated her for continued neck and shoulder pain and numbness in her left hand causing her to drop objects; Ms. Clavier was diagnosed with "complex regional pain syndrome." On July 22, 2013 Dr. Hodges issued a work status report, stating, "The patient is unable to work pending treatment."

[2] We note that two subsequent rules, not relevant to the dispute at issue herein, were filed by Ms. Clavier against her employer, in July of 2010 and in February of 2013, which were ultimately resolved in Ms. Clavier's favor and resulted in the assessment of additional penalties and attorney fees.

On Ms. Clavier's refusal to attend an FCE, scheduled by the defendants for October 18, 2013 at the Fontana Center in Lafayette, Louisiana, the defendants filed a "Motion to Compel Functional Capacity Evaluation or Alternatively to Reduce Benefits or in the Further Alternative for Appointment of an IME."

Following a December 20, 2013, OWC hearing, Ms. Clavier was ordered to attend an independent medical examination ("IME") with Dr. Clark Gunderson, in accordance with La. R.S. 23:1317.1 and La. R.S. 23:1124.1.[3] Dr. Gunderson was directed by the OWC, in a February 6, 2014 letter, to "address claimant's ability to return to work and disability status."

The examination by Dr. Gunderson was conducted on April 29, 2014, and he issued a report on May 2, 2014 in which he opined that Ms. Clavier had reached maximum medical improvement. In addition, Dr. Gunderson recommended an FCE "with validity testing" and "a release to return to work within the parameters identified."

The defendants subsequently rescheduled an FCE for Ms. Clavier at the Fontana Center, to be performed on June 11, 2014. Ms. Clavier responded by filing a motion to quash the FCE. When Ms. Clavier did not attend the scheduled FCE, the defendants filed a motion to compel the FCE and, alternatively, the suspension or reduction of the claimant's benefits. Following a July 14, 2014 hearing, the OWC granted the motion to compel and ordered Ms. Clavier to attend a FCE "to be arranged by the Defendants," and an order so stating was signed on July 23, 2014.

---

[3] "[T]he workers' compensation judge, on his own motion, may order that any claimant appearing before it be examined by other physicians." La. R.S. 23:1124.1. "Any party wishing to request an independent medical examination of the claimant pursuant to R.S. 23:1123 and 1124.1 shall be required to make its request at or prior to the pretrial conference. Requests for independent medical examinations made after that time shall be denied except for good cause or if it is found to be in the best interest of justice to order such examination." La. R.S. 23:1317.1(A).

Ms. Clavier applied to the Third Circuit for supervisory review of the order compelling the FCE, and her application was denied. **Clavier v. Coburn Supply Co.**, 14-0883 (La. App. 3 Cir. 10/28/14) (unpublished). Ms. Clavier then filed a writ application with this Court, which was also denied. **Clavier v. Coburn Supply Co.**, 14-2503 (La. 3/6/15), 161 So.3d 15.

Ms. Clavier underwent the FCE by the employer's choice of provider, Fontana Center, on April 9, 2015. On May 6, 2015 the defendants filed a rule to show cause why the FCE report should not be forwarded to the court-appointed independent medical examiner, Dr. Gunderson, "for his review and comment on [Ms. Clavier's] ability to return to work." On June 1, 2015 Ms. Clavier filed a "Motion and Order to Compel Defendant[s] to Authorize and Pay for a[n] FCE to be Performed by a Physical Therapist of Paula Clavier's Choice." In her motion Ms. Clavier stated that she did "not agree with the findings of the report from the Fontana Center" and that it would be "improper to submit the FCE performed by the defendants' physical therapist without having a[n] FCE prepared by [her] choice of facility to compare with the Fontana Center FCE."

The defendants' rule and the claimant's motion to compel were heard on August 19, 2015, and the OWC judge ruled on August 28, 2015 in favor of the defendants, denying the claimant's motion and ordering that the Fontana Center FCE be sent to Dr. Gunderson for review; an order so stating was signed on September 4, 2015. The claimant again filed a supervisory writ application with the Third Circuit, which was denied. **Clavier v. Coburn Supply Co.**, 15-1005 (La. App. 3 Cir. 3/2/16) (unpublished). The claimant then filed a second writ application with this Court, which was granted. **Clavier v. Coburn Supply Co.**, 16-0625 (La. 5/27/16), 192 So.3d 742.

**LAW AND ANALYSIS**

While the parties in this case assert that resolution of the dispute hinges on a

4

determination of whether the workers' compensation claimant or his employer has the right to choose an FCE provider under La. R.S. 23:1121, the actual issue presented in this matter is more narrow. Ms. Clavier is demanding that the employer pay for an FCE by a medical provider of her choice because she disagrees with the results of the FCE to which she was previously ordered to submit.

In support of their assertion, the defendants point to the contrast in the language of Paragraph (A) of La. R.S. 23:1121, providing that "[a]n injured employee shall submit himself to an *examination* by a *duly qualified medical practitioner provided and paid for by the employer* . . .", as compared to the language appearing in Paragraph (B), stating that "[t]he employee shall have the right to select one *treating physician* in any field or specialty . . . ." (Emphasis added.)

The defendants assert that, because the legislature, in Section 1121(A), authorized the employer to select *medical practitioners* for *examinations*, while it authorized the injured employee to select only *treating physicians* in Section 1121(B), and since a *physical therapist* who performs an FCE is a *medical practitioner*, not a *physician*, it is evident that the legislature intended the employer to choose the physical therapist for a functional capacity *examination*.

In contrast to defendants' assertion, Ms. Clavier argues that the choice of medical providers should belong to the employee, not the employer, and, she contends that the term "medical practitioner" in Section 1121(A) should be interpreted to mean "physician," citing La. R.S. 23:1122 ("The employer shall cause the examination provided for in . . . Section [1121] to be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the *employer's physician* upon the employee within six days after the employer's receipt of the report of such examination.") (emphasis added).

5

Initially, we note that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. Here, as defendants argue, the statute at issue, La. R.S. 23:1121(A) and (B), states that while "[a]n injured employee shall submit himself to an examination by a duly qualified **medical practitioner** provided and paid for by the employer . . .", it further states that "[t]he employee shall have the right to select one treating **physician** in any field or specialty . . . ." (Emphasis added.) The difference in the language is clear, and the courts of this state have been unanimous in finding that the terms "medical practitioner" and "physician" are not interchangeable, and that the term "medical practitioner" is more expansive than the term "physician." *See, e.g., Rison v. LifeCare Hosp. of Shreveport*, 50,675, p. 11 (La.App. 2 Cir. 5/18/16), 196 So.3d 657, 664; *Miller v. Christus St. Patrick Hosp.*, 2012-370 (La.App. 3 Cir. 10/24/12, 9), 100 So.3d 404, 411, *writ denied*, 12-2467 (La. 1/11/13), 107 So.3d 619; *Gautreaux v. K.A.S. Construction, LLC*, 05-1192, p. 2 (La.App. 3 Cir. 2/22/06), 923 So.2d 850, 852. The clear terms of the statute provide that an employee is entitled to select a physician for treatment purposes, and not any other medical practitioner for an examination.

Under the present procedural posture, then, and considering that there is no medical treatment plan by Ms. Clavier's treating physician calling for an FCE,[4] Ms. Clavier is not entitled, at this time, to an FCE with her choice of provider at the defendants' cost. See H. Alston Johnson III, 13 La. Civ. L. Treatise, Workers' Compensation Law and Practice § 287 (5th ed.) ("[E]xpenses sought to be reimbursed [that] are incurred by the employee solely as preparation for trial of the

---

[4] The claimant here is admittedly seeking an FCE performed by a physical therapist of her choosing for the purpose of contesting the FCE report issue by the physical therapist to whom the claimant was referred by the employer. Without an employer-paid FCE by a physical therapist of her choice, the claimant urges that she will not "have a medical opinion . . . to contest the disability opinion of the medical provider selected by the employer/insurer."

6

matter rather than for curative purposes . . . are properly disallowed. The purpose of the section [R.S. 23:1203 ("[T]he employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal . . . .")] is obviously to make available to the claimant the medical and related care that he needs at no cost to him, not to equip him to present the best possible law suit against his employer or the insurer.") (footnote omitted) (citing *Leonard v. Wal-Mart Stores, Inc.*, 582 So.2d 332, 336 (La. App. 5 Cir. 1991); *Notto v. Morton-Norwich Prod. Inc.*, 498 So.2d 1158, 1161 (La. App. 3 Cir. 1986); *Brown v. Celotex Corporation*, 420 So.2d 205, 209 (La. App. 4 Cir. 1982); *Caldwell v. Exxon Corporation*, 320 So.2d 319, 322 (La. App. 4 Cir. 1975)). *See also* La. R.S. 23:1121(D) ("After all examinations have been conducted but prior to any order directing the injured employee to return to work, the employee shall be permitted, at ***his own expense***, to consult with and be examined by a physician of his own choosing. Such report shall be considered in addition to all other medical reports in determining the injured employee's fitness to return to work . . . .") (emphasis added).

## CONCLUSION

For the reasons stated, we affirm the OWC's denial of the claimant's motion to compel the defendants to pay for an FCE to be performed by a physical therapist of the claimant's choice.

## DECREE

Accordingly, the September 4, 2015 order of the Office of Workers' Compensation is affirmed.

**AFFIRMED**.

# SUPREME COURT OF LOUISIANA

## No. 2016-CC-0625

## PAULA CLAVIER

## VERSUS

## COBURN SUPPLY COMPANY, INC., ET AL.

## ON SUPERVISORY WRITS TO THE OFFICE OF WORKERS' COMPENSATION, DISTRICT 4

**JOHNSON, Chief Justice, dissents.**

## SUPREME COURT OF LOUISIANA

## NO. 2016-CC-0625

## PAULA CLAVIER

## VERSUS

## COBURN SUPPLY COMPANY, INC., ET AL.

## ON SUPERVISORY WRITS TO
## THE OFFICE OF WORKERS' COMPENSATION, DISTRICT 4

**KNOLL, J., dissents.**

I share Justice Hughes's interpretation of this problematic area of workers' compensation. However, I write separately to urge the Legislature to address the critical policy issue presented by this case which, as demonstrated by the majority's analysis, is not resolved with sufficient clarity under the current statutory framework, resulting in undue delay through litigation.