DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

NO: WCW 22-00530

**Judgment rendered and mailed to all parties or counsel of record on December 8, 2022.**

LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT
VERSUS
GILDA SENEGAL

FILED: 08/12/22

On application of Lafayette City-Parish Consolidated Government for Supervisory Writ in No. 21-04670 on the docket of the Office of Workers' Compensation - # 4, Parish of Lafayette, Honorable Anthony Paul Palermo.

|  |  |
|---|---|
| Eric J. Waltner | Counsel for: Lafayette City-Parish Consolidated Government |
| Donovan J. O'Pry, II Geremy A. Garcia Luke T. Habetz | Counsel for: Gilda Senegal |

Lake Charles, Louisiana, on December 8, 2022.

**WRIT GRANTED AND MADE PEREMPTORY.** We find that the workers' compensation court erred when it denied Relator's motion to compel a functional capacity examination (FCE). Pursuant to La.R.S. 23:1121(A), Plaintiff "shall submit [her]self to an examination by a duly qualified medical practitioner provided and paid for by the employer… as often as may be reasonably necessary." Such duly qualified medical practitioner may include a physical therapist, and an FCE may be compelled in order to resolve disputes over an injured employee's ability to return to work. *Gautreaux v. K.A.S. Const., LLC*, 05-1192 (La. App. 3 Cir. 02/22/06), 923 So.2d 850, and *Clavier v. Coburn Supply Co., Inc.*, 16-625 (La. 6/29/17), 224 So.3d 954. An FCE is reasonably necessary in the instant case to resolve the dispute over Plaintiff's ability to return to work. Accordingly, we reverse the ruling of the workers' compensation court and grant Relator's Motion to Compel.

| _____ | _____ | _____ |
|---|---|---|
| EAP | JWP | GJO |